UNION BANK OF GEORGETOWN v. GEORGE B. MAGRUDER.

Whether certain facts in reference to an alleged notice to the indorser, and demand of payment of a promissory note by the drawer, amounted to a waiver of the objection to the want of demand and notice, is a question of fact, and not matter of law for the consideration of the jury.

The court are entirely satisfied with their former decision in the case of the Union Bank of Georgetown v. Magruder, 3 Peters's Rep. 87.

ERROR to the circuit court of the United States for the county of Washington, in the district of Columbia.

The case is fully stated in the opinion of the court.

For the plaintiffs in error, Mr Key cited, Wynn v. Thornton, 12 Wheat. 183; Lonsdale v. Brown, 4 Wash. C. C. R. 149; 4 Dall. 109; 3 Peters, 187; 7 East, 231; Chitty on Bills, 234, 202, 211, 236; 1 Esp. Rep. 303; 15 East, 222; 2 Greenleaf's Rep. 207.

Mr Coxe, for the defendant in error, cited, 1 Dane's Abridg. 118; Bell v. Morrison, 1 Peters, 360; 12 Wheat. 186; 2 T. R. 713; 3 Bibb, 102; 1 Saunders on Plead. and Ev. 117, 118, 119, 141; 3 T. R. 635.

Mr Justice STORY delivered the opinion of the Court.

This cause was formerly before the court upon a writ of error to the circuit court of the district of Columbia, sitting for the county of Washington. The judgment then rendered was reversed (Magruder v. Union Bank of Georgetown, 3 Peters's Rep. 87); and a venire facias de novo awarded; upon which a new trial having been had, the cause is again before us upon a bill of exceptions taken by the plaintiffs at the last trial.

The action is brought by the plaintiffs, as indorsers, to recover the contents of a promissory note made on the 8th of November 1817, by George Magruder, deceased, whereby he promised, seven years after date, to pay to George B. Magruder, the defendant, six hundred and forty-three dollars and twenty-one cents, with interest, for value received, and which was indorsed before it became due by the defendant to the plaintiffs.

There are several counts in the declaration. The first is founded on the liability of the defendant as indorser, and avers that the maker of the note died before the note became due, and the defendant took administration on his estate ; and after the note became due, to wit, on the 11th day of November 1824, due demand of payment was made of the defendant as administrator, who refused to pay the same, and, having due notice, became liable to pay the same. The second count alleges, that when the note became due, the same not having been demanded of the maker, nor protested for non-payment, and notice not having been given to the defendant (the defendant being before, and when the same became due, the administrator of the maker), and the defendant, well knowing that the same had not been paid, afterwards, on the 15th of November 1824, in consideration thereof, and in further consideration that the plaintiffs would not bring suit on the note against him as indorser, but would give time to him for the payment thereof (not saying for what time, or for a reasonable time), the defendant promised that he would ultimately, and in a reasonable time pay the same to the plaintiffs. Then follow the common money counts.

The bill of exceptions is in the following words ·

" In the trial of this cause the plaintiffs, to support the issues on their part, offered a competent witness, Alexander Ray, who proved, that two or three days after the note fell due, he had a conversation with defendant, asked him if he could arrange the note ; that if he did not, probably the officers of the bank would be blamed ; he said no officer should lose any thing by him, and that there was some property on Cherry street, which witness understood that George Magruder in his lifetime owned : that he would repair it, and that it would become valuable. Mr Thompson had had a previous conversation with him ; the defendant had not been informed by me that the note was over due, and not demanded. Also James Thompson, who proved that as soon as it was discovered that the note was over, he and the cashier conversed about it ; and about three or four days after it was over due, he determined to call on defendant, and request him to arrange it, and state

[Union Bank of Georgetown v. Magruder.]

the circumstances attending the note; that he then called on defendant, and found him from home; left word he wanted him, and a day or two after defendant called at bank; he went aside with him, told him the circumstances attending the neglect in relation to the note, and requested him to take time and determine what he would do as to arranging the note; telling him that he did not wish defendant to say a word to him to commit himself, but to consider whether, if he did not arrange it, the bank might not do him a greater injury than the amount of the note: that some time after this conversation, he had another with defendant; that the defendant asked him, if the debt was lost, whose loss would it be; would it fall on any of the officers of the bank? Witness replied that he did not know how that would be, that he could not answer that question; that the bank would, perhaps, look to the officers; and the defendant then said, no officer of the Union Bank should lose any thing by him: that he afterwards had another conversation with defendant in Mr Wharton's store; that defendant said "he meant to pay the note, but would take his own time for it; that he would not put himself in the power of the bank." He thinks this last conversation was about three or four months after the note fell due. That just before the suit was brought, the witness was desired by the president of the bank, to call on the defendant, and know what he meant to do with the note; that he did so, and that defendant then said, "I will pay that note now, if the bank will take the house on Cherry street for what it cost me." Witness reported the answer to the president, who said the bank did not want the house, and shortly afterwards suit was brought. Plaintiffs further proved that the defendant, when the note fell due, and before, was administrator of the drawer of the note, George Magruder: who had died before the note fell due, and who, it is also admitted, was insolvent.

"Whereupon, the plaintiffs, on the aforegoing evidence, prayed the court to instruct the jury as follows:

"That if the jury believe the defendant held the above conversations as stated by the witnesses, such conversations amount to *a waiver of the objection* of the want of demand and notice; and the *defendant is liable on the note,* if the jury should

believe that the defendant made the acknowledgements and declarations stated in the conversations *in reference to the claim of the bank upon him as indorser* of the note; which the court refused.

"And the plaintiffs then prayed the court to instruct the jury as follows:

"That if the jury believe, from the evidence aforesaid, that the defendant, after knowing of his discharge from liability as indorser of the said note, by the neglect to demand and give notice, said, "that he meant to pay the note, but should take his own time for it, and would not put himself in the power of the bank," and that the bank forbore bringing suit, from the time of said conversation, about three or four months after the note fell due, until the date of the writ issued in this cause, then the plaintiffs are entitled to recover on the second count of the declaration, which also the court refused to give; to which refusal to give the said instructions, the plaintiffs excepted."

The question s, whether these instructions thus propounded were rightly refused by the court. And we are of opinion that they were. The first requests the court to instruct the jury upon a mere matter of fact, deducible from the evidence; and which it was the proper province of the jury to decide. It asks the court to declare that the conversations stated (sufficiently loose and indeterminate in themselves), amounted to a waiver of the objection of the want of demand and notice. Whether these did amount to such a waiver, was not matter of law, but of fact; and the sufficiency of the proof for this purpose was for the consideration of the jury.

The second instruction is open to the same objection. It calls upon the court to decide upon the sufficiency of the proof, to establish that there was a forbearance by the plaintiffs to sue the defendant upon the note, and of the promise of the defendant, in consideration of the forbearance, to pay the same. That was the very matter upon which the jury were to respond, as matter of fact. It is also open to the additional objection, that it asks the court to decide this point, not upon the whole evidence, but upon a single sentence of the conversations stated, without the slightest reference to the manner in which

the meaning and effect of that sentence was, or might be, controlled by the other points of the conversations, or the attendant circumstances.     In either view it was properly refused.

The court have also been called upon to review their former decision in this case.     (3 Peters's Rep. 87.)     To this it might be a sufficient answer to say, that no case is made out upon the record, calling for such a review; and if it were, we are entirely satisfied with that decision.

The judgment of the circuit court is therefore affirmed, with costs.


This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and was argued by counsel: on consideration whereof, it is ordered and adjudged by this court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed with costs.