GLASGOW *vs.* PRATTE.

1. Notice of the dishonor of a bill or note may be given by any party to the same.

2. Notice of non-payment may be either verbal or in writing.

3. Where the endorsor, on the day the note became due, consented, on payment of half the amount of the note, that the maker might have another week to pay the balance due, it was held, that notice of non-payment of the balance at the end of the week was not necessary to fix the endorser.

4. Where a place of payment is designated in the body of the note or bill, a demand of payment at the place designated is necessary, in order to bind the endorser.

ERROR to the St. Louis Court of Common Pleas.

DARBY, *for Plaintiff in Error.*

The only point presented is, whether the defendant had notice of the non-payment of the note, by the makers. The evidence on this head is preserved in the bill of exceptions; wherein the defendant, who was present when the note fell due and was presented for payment, consented that the same might not be protested for non-payment, and consented to waive any protest at that time.— 2 Chitty's Rep.; Chitty on Bills, 502, verbal notice sufficient; *Ibid.,* 446, 484, 467, showing that no new notice was required; 16 East.

BOGY *and* HUNTON, *for Defendant in Error.*

1. An express verbal agreement between all parties to a bill or note, that it shall not be put in suit till certain estates be sold, constitutes no excuse for not giving due notice.— Chitty on Bills, 466, 1 Holt, 550; or 3 Eng. Com. Law Rep., 185.

2. Whenever a party to a note is entitled to his remedy over against another party, either on the note or otherwise, as he may be prejudiced by the delay in giving him notice of the dishonor, he is, therefore, entitled to it.— Chitty on Bills, 470, 471; 8 Barnwell and Cresswell, 610, or 15 English Com. Law Rep., 314; 3 Barn. and Ald., 619; or 5 English Com. Law Rep., 401.

3. The death or known insolvency of the maker of a note constitutes no excuse, either in law or equity, for the neglect to give due notice of non-payment.— Chitty on Bills, 482, 483.

4. Knowledge of the dishonor is not sufficient excuse for the want of notice.— Chitty on Bills, 483, note 2.

5. The waiver of the endorser must be expressed, to do away with the laches of the holder.— Chitty on Bills, 540, and see note E.

6. A demand and notice in every case where a drawee exists, is an implied condition of the contract or endorsement.— 9 Johns. Rep., 121, Berry *vs.* Robinson.

7. In this case, there is no proof that any demand was made of the maker, after

the expiration of the further time given, and without proof of a demand of the maker, the holder cannot recover against the endorser.

Scott, *Judge, delivered the opinion of the Court.*

This was an action of assumpsit, on a promissory note made by Grimsley and Young, payable to Bernard Pratte, at the office of the Mutual Insurance Company of St. Louis, and by him endorsed to William Glasgow.

The action was by the endorsee, Glasgow, against the endorser, Pratte.

On the trial, it was proved by Young, one of the makers of the note, that on the day it became due, he went to the plaintiff and informed him, that he would not be able to pay more than half the amount of the note at that time, and asked for a week longer to pay the balance. The plaintiff said he had no objection to the indulgence asked, if the endorser would consent to it. Witness after saw the endorser, Pratte, on the same day, in the office of L. A. Benoist & Co., where the note was placed for collection; witness informed the endorser of the previous conversation with the plaintiff, and the defendant responded, that he had no objection to giving the makers a week longer to pay the other half of the note. Nothing was said about any further notice, one way or the other. Witness paid the plaintiff one-half the amount due on said note, on the day it became due, and the said note was not afterwards presented for payment, or protest for non-payment, nor was there any further notice given of the dishonor of the said note. Witness also testified that the makers of said note had paid other and larger debts subsequent to the time when the balance on this note became due.

The court, sitting as a jury, gave verdict and judgment for the defendant.

This cause was submitted to the court sitting as a jury, and as the court was not requested to declare the law on the facts, we are at a loss to determine the specific objection to the verdict and judgment. Had this cause been submitted to a jury, and no instructions asked by either party, and no law declared to the jury by the court, this Court would have been very loath to interfere.

We do not well see what solid distinction, in this respect, there is between the two modes of trial. In either case, this Court cannot well determine whether the objection is to the finding, as being against evidence, or whether it is to the application of the law to the facts. It would certainly have been better had it been understood, that when the parties waive a trial by jury, they waive also its incident—the right to apply for a new trial.

Whatever doubt may have been entertained on the subject, it seems now to be settled, that notice of the dishonor of a bill or note, given by any party to the bill, is sufficient. It is not sufficient, as has been sometimes holden, that the party suing should give the notice. It is sufficient if any party to the instrument give it. Stafford *vs.* Yates, (18 Johns. Rep., 327.) And notice of non-payment may be either verbal or in writing. (Cuyler *vs.* Stephens, 4 Wend., 566.) The case of Foster *vs.* Jurdeson, (16 East., 105,) is an authority to show, that notice of the non-payment of the note on which this suit was brought, at the end of the week

41

for which indulgence was granted, was not necessary to fix the endorser, the first notice being sufficient for that purpose.

Admitting the notice given by Young to Pratte, of the non-payment of the note, was sufficient, and that no notice of the non-payment at the end of the week was necessary, yet was not a presentment for payment, at the place of payment named on it, necessary to bind the endorser? In the case of the Bank of the United States *vs.* Smith, (11 Wheaton,) the Supreme Court of the United States says, that, as against the maker or acceptor of a bill or note payable at a particular place, no averment, or proof of demand of payment at the place designated, would be necessary. But when recourse is had to the endorser of a note or bill, different considerations arise. He is not the original debtor, but only surety. His undertaking is not general, like that of a maker, but conditional, that, upon due diligence having been used against the maker, payment is not received, then the endorser becomes liable to pay. This due diligence is a condition precedent, and an indispensable part of the plaintiff's title and right of recovery against the endorser. And when, in the body of a note, a place of payment is designated, the endorser has a right to presume that the maker has provided funds at such place to pay the note, and has a right to require of the holder to apply for payment at such place. In Bacchus *vs.* Shepherd, (11 Wend.,) a stipulation by the endorser of the note, to waive notice of demand of payment, does not dispense with the demand itself. So, in the case of Cruger *vs.* Armstrong, (3 J. C., 5,) it was held, that if the drawer has no funds in the hands of a drawee, it is no excuse for not demanding payment, though it may excuse the want of notice to the drawer. A note may be paid at the place where payable, for the honor of the maker.

In the case of Agan *vs.* McManus, (11 Johns. Rep., 186,) it was held, that the doctrine as to the waiver of notice of the dishonor of bills of exchange does not apply to promissory notes.

In the case of Gregory *vs.* Allen, (1 Martin's and Yerger's Reports,) it was held, that in order to show a waiver of demand and notice by an endorser, clear and unequivocal evidence is required of such waiver. In the case of the Union Bank *vs.* Magruder, (7 Peters, 287,) whether certain facts, in reference to an alleged notice to the endorser and demand of payment of a promissory note by the drawer, amounted to a waiver of the objection to the want of demand and notice, is a question of fact, and not matter of law, for the consideration of the jury.

There is no evidence that Young, the witness and one of the makers of the note, was an agent for Glasgow, and it does not appear that the witness ever communicated to Glasgow the fact, that Pratte consented to the indulgence asked by Young. If Glasgow was wholly unapprized of Pratte's consent, it is hard to see with what propriety it can be said to be a waiver by Pratte of demand for payment, and the fact that he was not unwilling to the indulgence, if not communicated in an authorized manner to Glasgow, could no more be termed a waiver, than the mere existence of it in his breast, uncommunicated to any one. *De non apparentibus et non existentibus, eadem est ratio.*

We can see no reason for disturbing the judgment of the court below.

Judgment affirmed.