HENRY Fox & another *vs.* JAMES F. HARDING & another.

If a special contract, whereby one party agrees to make certain machines for the other, who agrees, on his part, to furnish materials therefor from time to time, is broken by a neglect to furnish the materials, and the first party notwithstanding proceeds for some time with the work; the question, whether he thereby waives the breach, so as to preclude himself from recovering damages therefor, is a question of fact, to be determined by the jury upon all the evidence in the case.

In an action for the breach of a special contract, the plaintiff may recover as part of his damages such profits as would have accrued to him from the contract it self, if it had been performed; but not those which he would have realized from other contracts entered into for the purpose of fulfilling such special contract.

THIS was an action of assumpsit to recover damages for the breach of a written contract, set out in the first count of

the declaration, in which the plaintiffs alleged, that the defendants agreed to furnish the plaintiffs with stock for the manufacture of twenty fifteen feet engine lathes, the castings and forgings for seven lathes in three weeks, and for the remaining thirteen within ninety days afterwards; and also promised that the planing of the ways should be done within ten months from the date of the agreement, if wanted; and promised to pay the plaintiffs for finishing the said lathes, at certain rates mentioned, within four weeks after the work was finished; in consideration of which, the plaintiffs agreed to finish for the defendants twenty fifteen feet engine lathes, in the best possible manner and workmanship as to fits and finish, two to be finished on or before the 20th of January, 1848, another within three weeks afterwards, and the remainder at the rate of two a month, until completed. The plaintiffs then averred, that, relying upon the said promises of the defendants, they commenced their work of finishing the lathes; but by reason of the negligence and delay of the defendants in providing and furnishing the stock, castings and forgings according to their agreement, the plaintiffs were greatly hindered and delayed, and put to great expense; that they did finish five of the said lathes, two on the 24th of January, 1848, two in the month of March, and one on the 15th of April following, which were all delivered to and accepted by the defendants; by reason of which acceptance, the defendants became liable and bound, according to their agreement, to pay the plaintiffs therefor four hundred and fifty dollars; which, though requested, they had refused to do. The plaintiffs averred further, that the defendants had delayed and neglected to furnish sufficient stock, castings and forgings, to complete the remainder of the lathes, and that they had commenced and expended a large sum of money on the remaining fifteen lathes, which remained in an unfinished state, by reason of the defendants' neglect; that on the day of the date of the writ, the plaintiffs had requested the defendants to furnish the stock, castings and forgings for the remainder of the lathes, and to plane the ways according to their agreement, which the defendants had wholly refused to do, whereby the plaintiffs had been put to great

Fox & another *v.* Harding & another.

expense, had been thrown out of employment, and had lost the profits which they would have otherwise made. The declaration also contained the common money counts, together with a count for work and labor and materials, accompanied by a bill of particulars annexed to the writ.

At the trial in the court of common pleas, before *Bying ton*, J., it was in evidence on the part of the plaintiffs, that in the months of February, March and April, 1848, they made complaints to the defendants, that they did not furnish stock according to their agreement, and that the plaintiffs suffered damage in each of those months, and were obliged, in February, to discharge one of their workmen, in consequence of the defendants not furnishing materials, according to their contract; that in the month of March, 1848, the plaintiffs complained to the defendants that they did not furnish castings, to which the defendants replied, that they had expected them before, and the plaintiffs told the defendants that they could not do much until they had them; that the plaintiffs continued to work with such castings and forgings as were furnished, until within a few days before the commencement of this action, when they asked the defendants if they would furnish the castings for the lathes, so that they could have something to depend upon, and if they would do so in one or two weeks; to which the defendants replied that they would not agree to do it; whereupon the plaintiffs ceased to work on the lathes. There was no evidence that the plaintiffs, when they left off work, or prior to the commencement of the suit, gave the defendants any notice that they did so on account of the failure or neglect of the defendants to furnish castings and forgings according to contract.

On this evidence, the defendants requested the judge to instruct the jury, that if the plaintiffs worked any considerable ·time, after a breach of the contract by the defendants' failure to supply castings, and finally abandoned the work and commenced this action, without notifying the defendants that they abandoned the work on account of such breach, the jury should presume that the plaintiffs waived any claim of damages therefor.

The presiding judge declined to give the instruction requested, but instructed the jury, that whether the plaintiffs waived their right to damages for any breach of the contract, was a question of fact, to be determined by the jury upon the evidence as to the plaintiffs' course of dealing with the defendants, and upon other competent evidence; and that if the plaintiffs, after a waiver, continued to work under the contract, and there was no further breach of it, the plaintiffs could not recover the damages so waived; but if any breach took place subsequently, the plaintiffs might recover therefor, unless waived in like manner.

As to the plaintiffs' claim for the damages caused by a loss of the profits which would have been realized from a complete execution of the contract by the plaintiffs, the defendants requested the judge to instruct the jury, that they could not, in any event, go into any calculation as to the probable profits to have been made by the plaintiffs, from the complete execution of the contract; nor could such profits enter into the assessment of damages. But upon this point, the jury were instructed, that the profits and gains which the plaintiffs would have made by the contract, and which they lost in consequence of a breach thereof by the defendants, were recoverable as damages; and that by profits were to be understood those directly resulting from the business, and not speculative profits.

The jury returned a verdict for the plaintiffs, and the defendants excepted.

*H. Vose*, for the defendants. 1. The question of a waiver of damages by the plaintiffs, was not a fact to be found by the jury on the evidence; but the jury should have been instructed that the other facts in the case raised a presumption of a waiver by the plaintiffs; the right to rescind and the right to claim damages for the same breach, being analogous rights, and governed by the same rules. *Shaw* v. *The Turnpike*, 3 Pennsyl. 445; *Brinley* v. *Tibbets*, 7 Greenl. 70; *Thayer* v. *Wadsworth*, 19 Pick. 349. Whether certain facts, to be found by the jury, amount to a waiver, is a question of law for the court. *Shaw* v. *The Turnpike*, 2 Pennsyl. 454. The

rule of damages in this case, is " the value of the labor per-
formed or services rendered down to the time of the abandon-
ment of the contract." *Planché* v. *Colburn*, 8 Bing. 14; *Mead*
v. *Degolyer*, 16 Wend. 632; *Moulton* v. *Trask*, 9 Met. 577.
2. In an action for the breach of a contract, profits to have
been realized from the complete execution of the contract are
not a subject of damages. Sedgw. on Damages, (1st ed.) 34,
35, 36; 2 Kent Com. (6th ed.) 480, note; *Dwyer* v. *Gurry*, 7
Taunt. 14; *The Schooner Lively*, 1 Gallis. 315, 325; *Sargent*
v. *Franklin Ins. Co.* 8 Pick. 90; *Barnard* v. *Poor*, 21 Pick. 378;
*Porter* v. *Woods*, 3 Humph. 56.

*W. G. Bates*, for the plaintiffs. 1. Whether or not the
plaintiffs had waived the breach of the contract, was a ques-
tion of fact for the jury, and not of law for the court. *Savage
Manufacturing Co.* v. *Armstrong*, 5 Shepl. 34; *Cox* v. *Bennet*,
1 Green, 165. 2. The rule of damages was properly stated
by the court of common pleas. *Masterton* v. *Brooklyn*, 7 Hill,
61; *Johnson* v. *Arnold*, 2 Cush. 46; *Koon* v. *Greenman*, 7
Wend. 121; *Shannon* v. *Comstock*, 21 Wend. 457; *Merrill*
v. *Ithaca & Owego Railroad*, 16 Wend. 589.

BIGELOW, J. Two questions are presented by the bill of
exceptions in this case. The first arises on the refusal of the
court to instruct the jury, that they were bound to presume a
waiver by the plaintiffs of all right to recover damages for a
breach of the contract declared on. We think that the judge
was right in this refusal, and that the question of waiver was
properly submitted to the jury on the evidence, as a question
of fact, for their determination. Indeed, it may be laid down
as a general rule, that the question, whether the evidence in
any case establishes a waiver of any legal right by a party, is
one of fact to be settled by the verdict of a jury. There may
be cases, in which the facts are few and simple, and the acts
or admissions of parties clear and unequivocal, when it would
be the duty of the court to instruct the jury, that certain legal
rights, upon which a party might otherwise have relied, have
been surrendered and can no longer be insisted on ; but these
are cases where the law affixes certain consequences to acts
of parties, when clearly and indisputably proved. So too in

judicial proceedings, for the furtherance of public justice, and the discouragement of dilatory pleas and technical objections, parties who do not seasonably avail themselves of their legal rights, are held by courts to have conclusively waived them. But, ordinarily, where the rights and liabilities of parties depend on contracts, and a variety of transactions and dealings arising therefrom, or where the facts are contradictory and complicated, it is a question for the jury to determine, how far parties have waived any of their legal rights. In all questions of this sort, so much depends on the intent with which parties act, that it would be impossible for courts to establish any certain rule by which all cases could be governed. They must necessarily be left to the determination of juries, whose peculiar province it is, to ascertain the intent of parties as gathered from the various facts and circumstances proved in each particular case. And such we understand to be the doctrine recognized and established by judicial decisions. *Union Bank of Georgetown* v. *Magruder*, 7 Pet. 287 ; *Hill* v. *Hobart*, 4 Shepl. 164.

But on looking into the facts proved in this case, we are very clearly of opinion that the instruction asked for by the defendant, even if it were the duty of the court to pass lefinitively on the question of waiver, was wholly unwarranted by the facts. It appears by the evidence, that the plaintiffs continued to fulfil their part of the special contract long after the defendants had omitted to perform theirs, and that, finally, after a demand on them by the plaintiffs to supply the castings, which they had agreed to furnish, and a refusal so to do, the plaintiffs ceased their efforts to complete the work, and commenced this action for the recovery of damages for the breach of the contract by the defendants. Upon these facts, the defendants contend that the contract was virtually rescinded and that the plaintiffs have waived all right to damages. But this position is wholly untenable. It would, in effect, be giving to the party that had broken his contract, the benefit of an entire release therefrom, merely because the party with whom he contracted, and who was not in fault, had forborne for a time to exact the strict performance of the bargain. The

44*

utmost that under these circumstances could be reasonably contended for was, that the acts of the plaintiffs showed a waiver of the contract so far as related to the time at which the defendants had agreed to supply certain castings and other materials. If therefore, when the plaintiffs, a few days prior to the commencement of this suit, called on the defendants to fulfil their contract, the defendants had been ready to comply with the demand, it might with some show of reason be contended that the plaintiffs had waived all claim for damages up to that time. But there are no facts in the case which tend to show any other waiver of the agreement. With this exception, the contract still remained in full force, and both parties were bound by its stipulations. The fallacy of the argument on the part of the defendants consists in treating the contract as rescinded. It was, at most, waived in part only, and therefore the final refusal of the defendants to furnish the castings, on the plaintiffs' demand, was a breach of the contract, of which there had been no waiver, and for which this action can well be maintained.

The instruction of the court upon the question of damages remains to be considered. The rule has not been uniform or very clearly settled as to the right of a party to claim a loss of profits as a part of the damages for breach of a special contract. But we think there is a distinction by which all questions of this sort can be easily tested. If the profits are such as would have accrued and grown out of the contract itself, as the direct and immediate results of its fulfilment, then they would form a just and proper item of damages to be recovered against the delinquent party upon a breach of the agreement. These are part and parcel of the contract itself, and must have been in the contemplation of the parties when the agreement was entered into. But if they are such as would have been realized by the party from other independent and collateral undertakings, although entered into in consequence and on the faith of the principal contract, then they are too uncertain and remote to be taken into consideration as a part of the damages occasioned by the breach of the contract in suit. To illustrate this by the case at bar. The

plaintiffs had a right to recover such sum in damages, as they would have realized in profits, if the contract had been fully performed. To ascertain this, it would be necessary to estimate the cost and expense of work and materials in completing the contract on their part, and to deduct this sum from the contract price. The balance would be the profit which would have accrued to them out of the contract itself, if it had been fulfilled, and which they have a right to recover in addition to such further sum as would compensate them for the labor and materials supplied towards the completion of the contract. But if the plaintiffs had offered to prove, in addition to this, that in consequence of the breach of the contract by the defendants, they had lost other contracts by which they would have realized large profits, and which they had entered into for the purpose of fulfilling their contract with the defendants, the evidence would have been wholly inadmissible; because such collateral undertakings were not necessarily connected with the principal contract, and cannot be reasonably supposed to have been taken into consideration when it was entered into. Such profits are too uncertain, remote and speculative in their nature, and form no proper basis of damages. The instructions given by the learned judge of the court of common pleas were entirely in conformity with these principles, and the defendants' prayer for instruction on this point was rightly refused. See *Masterton* v. *Brooklyn,* 7 Hill, 61; *Batchelder* v. *Sturgis,* 3 Cush. 205.

*Exceptions overruled.*