THE FIRST NATIONAL BANK OF IOWA CITY v. RYERSON.

1. Promissory note: NOTICE OF NON-PAYMENT: BY MAKER. Notice of non-payment may be verbal, as well as in writing; but whether, when given by the *maker* to an indorser, it would be sufficient, *quere*.

2. —— NOTICE BY MAKER. Though, where an indorser, on the last day of grace, was notified, by the maker, of the non-payment of a note payable at bank, whereupon the indorser requested and obtained of the bank consent for a renewal of the note for thirty days, it was *held*, that this operated as a waiver of other notice of non-payment, which he could not avoid by his subsequent refusal to execute the renewal note.

3 —— ACCOMMODATION MAKER. An indorser, for whose accommodation the maker signed the note, is not entitled to notice of non-payment.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 21.

ACTION on a note against the maker and indorser. C. A. Barlow, the maker, and G. M. Ryerson, the indorser, had been partners in business. At the close of their partnership they had about seven hundred dollars on deposit with plaintiff. Barlow claimed the whole, but Ryerson was permitted by him to have three hundred dollars of it. Afterward, Barlow wanting that amount, he and Ryerson agreed that it should be procured, by Barlow making a note to Ryerson, payable at plaintiff's bank, which should be indorsed by him to plaintiff; it was so done, and the plaintiff advanced the money thereon. Both Barlow and Ryerson testified as witnesses, and each claimed, as against the other, to be an accommodation party to the paper.

On the day the note matured (the last day of grace), Barlow verbally notified Ryerson that the note was not paid, and thereupon Ryerson requested a renewal for thirty days. Barlow then went to plaintiff's cashier and advised him of the request for renewal, and obtained his consent thereto, and also a renewal note for them to sign. Barlow took the note, on the evening of the same day, to Ryerson's house, for his signature, but he was not at home, and it was left with his wife for him to sign.

On the next day Barlow saw Ryerson, and he had not signed the note, and said he had concluded not to sign it. Ryerson had no other notice of non-payment, or that he was looked to for payment.

The cause was tried to the court and judgment rendered in favor of plaintiff, against the maker, Barlow, for the

amount of the note and interest; but the indorser, Ryerson, had judgment against plaintiff for his costs. The plaintiff appeals from the judgment in favor of Ryerson.

*Edmonds & Ransom* for the appellants.

*Robinson & Patterson* for the appellee.

COLE, J. — That notice of non-payment may be verbal as well as in writing, is now well settled. 1 Parsons on Notes and Bills, 477, and authorities cited. And it is stated generally by text writers that notice may be given by any party to the note. Story on Bills, § 303; *Cowperthwaite* v. *Sheffield*, 1 Sandf. Ch. 447; 3 Kent's Com. 108; Edwards on Bills, 477. And that the notice was good and sufficient when given by the maker to an indorser, was expressly held in *Glasgow* v. *Pratte*, 8 Mo. 336. Mr. Parsons, however, thinks the true rule is, that the notice must be given by a party who could, if he was the owner, recover of some other party to the paper. 1 Parsons on Notes and Bills, 505. The rule, as thus limited, would make a notice by the maker to an indorser insufficient.

*1. PROMISSORY NOTE: notice of non-payment: by maker.*

Without ruling directly as to whether a verbal notice by the maker to the indorser, of the non-payment of the note, is good, we hold, that under the special circumstances of this case, the indorser was bound. If, as testified to by Barlow, he was accommodation maker for Ryerson, then surely Ryerson would be bound to pay, even without notice. But if this is not true, Ryerson may well be held to have waived his right to other notice from the plaintiff, by his request for renewal, made to Barlow, which was communicated by him to, and accepted by plaintiff, and of which acceptance Ryerson had notice on the evening of the same day, by the leaving of the renewal note for him to sign. Such

*2. —— notice by maker.*

request and acceptance would operate as a waiver of notice, which he could not avoid by his subsequent refusal to execute the renewal note.

Reversed.