FULLER *v*. BROWN & *a*.

Whether the acts of a party are so inconsistent with his having a certain right or with his intending to rely upon it as to amount to a waiver, is a question of fact for the jury.

ASSUMPSIT, for the breach of a contract for building a house, in that the chimney-flues were made smaller than the stipulated size. Verdict for the plaintiff.

There was evidence tending to show that the plaintiff occupied the house and knew of the breach of the contract for some two years or more before the date of his writ, without expressing to the defendants any objection to the size of the flues.

The court declined to instruct the jury that "if the plaintiff, with knowledge of the defects complained of, occupied the house for two or three years without objection that the same was not constructed according to the contract, or if the facts and circumstances as shown by the evidence are such that you are satisfied he ought to have had such knowledge, then his acts amount to an acceptance of the building under the contract, and he cannot recover," and the defendents excepted.

The plaintiff introduced evidence tending to show that during this period (the two or more years) " he was engaged in endeavoring to ascertain what was the trouble with the chimney, and to remedy it, if possible."

*Henry A. Shute*, for the plaintiff.

*Edwin G. Eastman*, for the defendants.

BLODGETT, J.    The question of waiver was properly submitted to the jury on the evidence as a matter of fact for their determination.   "In a general way, waiver may be said to occur whenever one, in possession of a right conferred either by law or by contract, and knowing the attendant facts, does or forbears to do something inconsistent with the existence of the right, or of his intention to rely upon it; in which case he is said to have waived it, and he is estopped from claiming by reason of it afterwards."    Bish. Con., *s*. 656.    But in such a case the question of waiver is one of fact for the jury.    *Fox* v. *Harding*, 7 Cush. 516, 520 ; *Union Bank of Georgetown* v. *Magruder*, 7 Pet. 287.

*Exception overruled.*

CARPENTER, J., did not sit : the others concurred.