Sullivan, J.
Scire facias to sell real estate. Pleas, 1, Nul tiel record; 2, That the defendant was, &c., and still is, the owner of goods and chattels sufficient to pay said judgment; 3, That the judgment was replevied on the docket of the justice, and that the surety of the defendant then was and ^always had been possessed in his own right of sufficient goods and chattels to pay the judgment, &c.; but that no proceedings had been instituted against him, &e. There were two other pleas on which issues were made and found for the plaintiff. To the first plea the plaintiff replied, that there was such a record as that set forth in the scire facias. This issue was also .tried by a jury and a verdict found for the plaintiff. Demurrers to the second and third pleas sustained, and final judgment for the plaintiff
Ko question arises on the fourth and fifth pleas. The demurrers to the second and third pleas were correctly sustained by the Court. The facts set forth in the second .plea constitute no defense to the plaintiff’s action, as this Court has heretofore decided.(1) The third plea is no bar to the plaintiff’s action. On the return of nulla bona to the execution issued by the justice, the plaintiff, if he had chosen that remedy, might have proceeded by scire facias against the bail, but he was not bound to do so. He was at liberty, if he preferred it, to continue to seek his remedy against the principal, and adopt the course here pursued. If he is unsuccessful, the surety will still be liable.
There is an error in the proceedings, however, for which the judgment must be reversed. The issue of nul tiel record was tried by a jury. It was the province of the Court and not of the jury to try that issue. Until the question raised by that *132 plea is determined by the Court, the case remains undecided. Barker v. McClure, 2 Blackf., 14.
W. W. Wick, for the plaintiff.
A. Kinney and 8. JS. Gookins, for the defendant,
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 Hamilton v. Matlock, Nov. term, 1840; Burger v. Beckel, Ante, p. 61 ; Remington v. Henry, Ante, p. 63.