SAXTON
v.
THE STATE.

---

## SAXTON *v.* THE STATE.

A *scire facias* in favour of the state on a recognizance alleged, that, at a Circuit Court, &c., before the president judge and one of the associates (naming them), *James Mowbray* was impleaded with *George Saxton* in an indictment for murder; that the cause was continued as to *Mowbray;* that he and the defendant, *Morris Saxton*, acknowledged themselves to owe and be indebted to the state, &c.; and that, on the 13th of *September*, 1843, the defendant made default, &c. Plea, *nul tiel record*. The record offered in evidence by the state showed that the indictment was against said *Mowbray*, and *George* and *Ashford Saxton;* and it also showed that the entry of the default was made on the 14th of *September*, 1843. The evidence was objected to on account of the variances, but the objection was overruled. Judgment for the state.

*Held*, that, under the statute, the *scire facias* might have been so amended at the trial, by leave of the Court, as to have made it agree with the record. *Held*, also, that, under the statute, the judgment could not be reversed because the variances were disregarded by the Circuit Court. *Held*, also, that the recognizance, as shown by the *scire facias*, was taken before a competent tribunal.

ERROR to the *Vermillion* Circuit Court.

BLACKFORD, J.—This was a *scire facias* in favour of the state against *Morris Saxton*, to have execution on a recognizance.

The *scire facias* alleges that, at a Circuit Court, &c., before the president judge and one of the associates (naming them), *James Mowbray* was impleaded with *George Saxton* in an indictment for murder; that the cause was continued as to *Mowbray;* and that he and the defendant, *Morris Saxton*, acknowledged themselves to owe and be indebted to the state, &c. The *scire facias* also alleges, that, at a Court continued and held as aforesaid, viz., on the 13th of *September*, 1843, before the judges, &c., the said *Mowbray* was called and failed to appear; and that the defendant, *Morris Saxton*, was called to bring in the body of *Mowbray*, &c., and made default, &c.

Plea, *nul tiel record*.

On the trial, the plaintiff offered in evidence a record of the recognizance. It was objected to on account of a variance. The variance was, that the *scire facias* alleged the indictment to have been against *Mowbray* and *George Saxton;* and the record showed it to have been against *Mowbray*, and *George* and *Ashford Saxton*. The objection was overruled.

The plaintiff also offered in evidence a record of the defendant's default. That was also objected to on the ground of variance. The *scire facias* alleged the default to have been taken on the 13th of *September*, 1843; and the record showed that the entry of the default was made on the 14th of that month. This objection was also overruled.

Judgment for the state.

The admission of the records as evidence is assigned for error.

We think the variances complained of were not material to the merits, and could not prejudice the defendant in his defence. The *scire facias*, therefore, might have been amended at the trial, by leave of the Court, so as to have made it agree with the records. R. S. 1843, p. 715. That being the case, the judgment cannot be reversed because those variances were disregarded by the Circuit Court. The Supreme Court

VOL. VIII.—26

*(margin:)* Nov. Term, 1846.

SAXTON
v.
THE STATE.

Tuesday, November 24.

Nov. Term, 1846.

is bound to make the amendments, or consider them as made. R. S. 1843, p. 638.

It is further said, that the *scire facias* does not show that the recognizance was taken before a competent tribunal; but the fact is otherwise, as the recognizance is alleged to have been entered into in the Circuit Court before the president and one of the associates.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Wright* and *S. F. Maxwell*, for the plaintiff.

*A. A. Hammond*, for the state.