### ALDEN and Others *v.* BARBOUR and Others.

A bill of exchange drawn payable at the *Ohio Life Insurance and Trust Company, Cincinnati,* was described in a count in the declaration against the acceptors as payable generally. *Held,* that there was a variance.

When a bill is made payable at a particular place, a general acceptance is, in legal effect, an acceptance to pay at the place designated in the bill.

A count in a declaration against the acceptors of a bill of exchange described the bill as drawn payable generally, and as accepted to be paid at *the Ohio Life Insurance and Trust Company, Cincinnati.* The bill offered in evidence, which corresponded with that described in other respects, was drawn payable at said *Ohio Life Insurance and Trust Company, Cincinnati,* but accepted generally. *Held,* that the variance might have been obviated, by amendment, under the R. S. 1843, at the trial, but it not having been done, the Supreme Court was bound to make the amendment, or regard it as made, and treat the bill as given in evidence under said count.

A judgment of the Circuit Court will not be reversed for an erroneous ruling of the Court, when the party complaining has not been injured thereby.

ERROR to the *Bartholomew* Circuit Court.

PERKINS, J.—*Lucius Barbour, Ira D. Owen,* and *Lucius C. Buell* brought an action of assumpsit against *William Snyder* and *Charles O. Alden.* The declaration was composed of two special, and the common, counts.

The first count charged that the defendants, by the name and description of *Snyder* and *Alden,* heretofore, &c., made their certain promissory note, &c. No question arises on this count, and it need not be more fully set out.

The second count charged that the plaintiffs, by the

name of *Barbour, Owen,* and *Buell,* drew a bill of exchange directed to the defendants, by the name of *Snyder* and *Alden,* and thereby requested them to pay to the plaintiffs, ninety days after date, 533 dollars and 23 cents, which said bill of exchange said defendants, by the name of *Snyder* and *Alden,* accepted, payable at the *Ohio Life Insurance and Trust Company, Cincinnati, Ohio,* &c.

There was a suggestion of not found as to *Snyder.* *Alden* appeared and called for a bill of particulars and an inspection of the note and bill of exchange declared on, and, according to our understanding of the record, they were furnished him. He thereupon pleaded the general issue without oath. The cause was submitted to the Court, and there was a judgment for the plaintiffs.

On the trial, the plaintiffs gave in evidence, without objection, the note described in the first count of the declaration. They then offered in evidence the bill of exchange, reading as follows:

"$533 23. *Madison, June* 13, 1850. Ninety days after date, pay to the order of ourselves at the *Ohio Life Insurance and Trust Company, Cincinnati,* 533 dollars and 23 cents, without relief from valuation or appraisement laws, value received, which charge to account of yours. *Barbour, Owen,* and *Buell.* To Messrs. *Snyder* and *Alden, Columbus, Indiana.* 11—14 *September.*"

On the face of said bill was written "Accepted. *Snyder* and *Alden.*"

The indorsements need not be set out. The defendant objected, says the bill of exceptions, "to said bill of exchange being read in evidence, because of a variance between it and the bill described in the second count of the declaration, in this, that said bill described in said second count is stated therein to be payable generally, without specifying the place of payment; and is averred to have been accepted payable at *Cincinnati,* when it was simply 'accepted.' The plaintiffs then proved the acceptance to be signed by *Alden,* and that *Alden* and *Snyder* were partners at the time of said acceptance, and offered said bill and acceptance under the common counts; to which the

defendant objected, because said plaintiffs had not proved that the *Snyder* who was the partner of *Alden* was the defendant *Snyder*, nor had they proved his christian name, nor that the plaintiffs had executed the bill as drawers, nor that they were partners; but the Court overruled the objection," &c.

In 1 Chitty's Pl. p. 309, it is said: "In actions upon bills of exchange and promissory notes, many cases . of variances have arisen in consequence of the acceptance or promise being stated to be general and absolute, when in fact it was qualified, the bill or note having been made payable at a particular place. With respect to bills of exchange, an acceptance payable at a particular place is not now a qualified acceptance, unless the payment be expressly restricted to that place *only and not elsewhere;* but in cases where it is so restricted, and also in all cases of promissory notes made payable in the body of the note at a particular place, it will be a variance to state a qualified contract of this description as an absolute one. And, on the other hand, where the contract is absolute and is described in the declaration as conditional or qualified, the variance will be equally fatal as where in declaring on a promissory note the plaintiff alleged that it was made payable at a particular place, and it appeared on the production of the note, that there was no such restriction contained in the body of the note, but merely in a memorandum at the foot of it, it was held that this was a general and not a qualified promise, and that consequently there was a material misdescription."

There was, then, a variance between the bill of exchange and the count upon it, in the omission to state the particular place of payment. There was no variance in regard to the acceptance. It was, in legal effect, an acceptance to pay at the bank designated in the bill. Supposing, then, the bill of exchange was not admissible, without further evidence as a foundation for it (a point we do not decide), under the common counts, the question arises, has the plaintiff in error been injured by any rulings of the Court below? For if he has not, he cannot,

according to our statute and the previous decisions of this Court, claim a reversal of the judgment of the Circuit Court on account of those rulings, even though erroneous. We think said plaintiff has not been injured. The variance as to the bill of exchange could have worked no prejudice to him. From the description given of it in the declaration, he would not have mistaken the bill, and he could have had, and it seems did have, an inspection of it before pleading. Besides, the variance might have been obviated on the trial below, and the bill given in evidence under the second count. R. S. p. 715, s. 240. Such being the case, this Court is bound to make the amendment, or regard it as made, treat the bill as given in evidence under that count, and affirm the judgment. R. S. p. 638, ss. 84, 85. *Saxton* v. *The State*, 8 Blackf. 200 (1). The bill was offered below under the second count.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. G. Marshall,* for the plaintiffs.

*A. A. Hammond* and *H. O'Neal,* for the defendants.

(1) The R. S. 1852 enact that no variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. When it is alleged that the party has been so misled, that fact must be proved to the satisfaction of the Court, and it must be shown in what respect he has been misled; and thereupon the Court may order the pleading to be amended upon such terms as may be just. Where the variance is not material in the sense stated, the Court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs. R. S. 1852, vol. 2, p. 46.

The Court may, also, at any time, in its discretion, and upon such terms as may be deemed proper, for the furtherance of justice, direct the name of any party to be added or struck out; a mistake in name, description, or legal effect, or in any other respect, to be corrected; any material allegation to be inserted, struck out, or modified to conform the pleadings to the facts proved; when the amendment does not substantially change the claim or defense. Ib. p. 48.