GRAVES and Others *v.* SKEELS, for the use of PATRICK.

To a *scire facias* to revive a judgment after the defendant's death, and to obtain execution thereon against his real estate, the administrator and heirs of the defendant, if he died intestate, are proper parties.

The judgment for the plaintiff upon the *scire facias* should be, to make the money first of the assets in the hands of the administrator, and failing in this, then of the lands of the heirs.

But the failure to render the judgment in this form is a mere informality, which, by the R. S. 1852, is to be regarded as amended in the Supreme Court.

A *scire facias* to revive a judgment was substantially as follows: The state of *Indiana*, to the sheriff of *Vigo* county, greeting: Whereas *A. B.*, for the use of *C. D.*, on, &c., in the *Vigo* Circuit Court, recovered a judgment against *E. F.* in a certain action of debt, to-wit, &c., (mentioning the amount of the judgment); and whereas, afterwards, and before execution thereupon had, to-wit, on, &c., said *E. F.* died intestate, and letters of administration were granted in due form to *G. H.*; and whereas said *E. F.* left as his heirs and terre-tenants *I. J.* (and others, naming them); and whereas, said judgment remains unsatisfied, as we are informed by said *C. D.*; we therefore command you to make known to said *G. H.*, as such administrator, and the said *I. J.* (and the other heirs, naming them,) and the terre-tenants, if there be any, that they appear before the judges of said *Vigo* Circuit Court, on, &c., to show cause, if any they have, why the said *A. B.*, for the use, &c., ought not to have execution of the goods, &c., of said *E. F.*, in the hands of said *G. H.* to be administered, and of the lands, &c., of which said heirs are seized as the heirs of said *E. F.*, deceased, for his debt and damages and costs aforesaid, and further to do, &c. The *scire facias* not having been demurred to, *held* that it was sufficient on error.

APPEAL from the *Vigo* Circuit Court.

PERKINS, J.—*Scire facias* to revive a judgment. The writ of *scire facias* was as follows:

"State of *Indiana*, county of *Vigo*, ss. The state of *Indiana* to the sheriff of *Clay* county, greeting: Whereas *Jeduthun Skeels*, for the use of *Joseph Patrick*, on the ninth day of *November*, in the year 1840, in the Circuit Court within and for the said county of *Vigo*, recovered a judgment against *John Graves* in a certain action of debt, to-wit, his debt of 308 dollars, and 36 dollars and 70 cents damages, and 3 dollars and 64 cents costs, making in all 348 dollars and 34 cents, as to us appears of record; and whereas, afterwards, and before execution thereupon had, to-wit, on the —— day of *May*, 1842, the said *John Graves* died intestate, after whose death letters of administration were granted in due form of law to *Elias Bowlin;* and whereas the said *John* left, as his heirs and terre-tenants, *Samuel Graves, James Douglass* and *Nancy Douglass*, formerly *Nancy Graves, James Graves, Rebecca Graves, Mar-*

*garet Graves, Noah Graves, John W. Graves, Sarah E. Graves, Jesse Graves,* and *Mary J. Williams,* formerly *Mary J. Graves,* and *John Williams,* her husband; and whereas the said judgment remains unsatisfied, as we are informed by the said *Joseph Patrick,* we therefore command you that you make known to the said *Elias Bowlin,* as such administrator, and the said *Samuel Graves,* [naming also all the other heirs,] and the terre-tenants, if there be any, that they appear before the judges of said Circuit Court in and for said county of *Vigo,* on the first day of their next term, to show cause, if any they have, why the said *Jeduthun Skeels,* for the use of *Joseph Patrick,* ought not to have execution of the goods and chattels of the said *John Graves,* in the hands of the said *Elias Bowlin* yet to be administered, and of the lands and tenements of which the said heirs are seized, as the heirs of the said *John Graves,* deceased, for his debt and damages and costs aforesaid, and further to do," &c.

The writ was returned by the sheriff served on *Elias Bowlin,* and several of the defendants, and not found as to others, and an alias *scire facias* was issued to *Putnam* county, where service was obtained upon the remainder.

After continuances, at a regular term of the Court, the adult defendants were defaulted, a guardian *ad litem* was appointed, and appeared and answered for the infants, the cause was heard, and, says the record, "the evidence herein being submitted to the Court, and the Court being fully advised, it is considered by the Court that said judgment in said *scire facias* be revived," &c. The residue of the judgment is not, as it should have been, that execution be first levied of the goods, &c., of the administrator, and, for any deficiency, &c., of the lands of the heirs.

It is objected that the proceeding against the administrator and heirs jointly is erroneous; that the judgment against the heirs is erroneous; that the *scire facias* does not charge that the heirs inherited lands, and is otherwise defective.

The proceeding jointly against the administrator and heirs to obtain revivor and execution, is correct. *Bryer*

Nov. Term,
1854.

v. *Chase*, 8 Blackf. 508.—*Welborn* v. *Jolly*, 4 *id.* 279.—
2 R. S., p. 181, s. 642. But the judgment should be, as
we have intimated, to make the money first of the assets
in the hands of the administrator, and, failing of this, then,
&c. But an informality of this kind will not occasion the
reversal of the judgment. Section 580, 2 R. S., p. 162,
enacts that "no judgment shall be stayed or reversed, in
whole or in part, by the Supreme Court, for any defect
in form," &c., "but such defects shall be deemed to be
amended in the Supreme Court," &c. And see *Saxton* v.
*The State*, 8 Blackf. 200.—*Alden* v. *Barbour*, 3 Ind. 414.

We think the *scire facias* sufficient on error, it not
having been demurred to below. We presume the proof
supplied defective allegations.

*Per Curiam.*—The judgment, as amended in this Court
pursuant to the statute, is affirmed with costs.

*J. P. Usher*, for the appellants.