May Term,
1857.

MAY
v.
THE STATE
BANK.

---

## MAY and Another *v.* THE STATE BANK.

| 9 | 233 |
|---|---|
| 149 | 414 |
| 9 | 233 |
| e166 | 365 |

Notice to the drawer, of protest for non-payment of a bill drawn within this state, but payable in another state, is a sufficient demand of payment, under chap. 77, sec. 10, 1 R. S. p. 379, to entitle the holder to 5 per cent. damages, under section 7 of the same chapter.

As at common law, so under our statute (2 R. S. p. 37, s. 49), the plaintiff cannot recover a larger sum than he claims in his complaint.

And where it was contended that the sum claimed was, by a clerical error, laid too small, *held*, that the complaint might have been amended, on motion, before the commencement of the trial, in the Court below; but the amendment could not be deemed to be made in this Court.

It is only when the pleadings are defective in form, that they are deemed to be amended in the Supreme Court.

In this case, judgment being taken by default, the defendant admitted an indebtedness to the amount claimed, and no more; and this Court cannot extend the effect of such admission so as to make the demand in the complaint correspond with the judgment for a larger sum.

APPEAL from the *Jefferson* Circuit Court.

Thursday,
June 4.

DAVISON, J.—This was an action on a bill of exchange for 5,000 dollars. The bill bears date *August* the 17th, 1854; was drawn by *Michael G. Bright*, payable to himself at *Winslow, Lanier & Co.'s* office in *New York*, at three months; was accepted by *Allen May*, and indorsed by the payee to the *State Bank of Indiana*. The appellee was the plaintiff below, and *May* and *Bright* the defendants.

The complaint alleges that *May* did not pay the bill when it became due, upon presentation at the place where it was made payable, of which *Bright* had due notice; and that the bill remains due and unpaid: wherefore, the plaintiff demands judgment for 3,500 dollars.

The defendants, though duly served with process, failed to appear, and being called, &c., were regularly defaulted; whereupon, the case, upon the plaintiff's motion and the defendants' default, was submitted for the assessment of damages, to the Court, who, after hearing the evidence, &c., found for the plaintiff 5,357 dollars. Judgment was rendered upon the finding of the Court.

Included within the judgment, there is an item of 250 dollars, being 5 per cent. on the principal of the bill, assessed as damages on account of its protest for non-payment. We have a statute which allows such damages on protest, &c., when the bill, as in this case, is payable at a place without the state and within the *United States.* 1 R. S. p. 379. But the same statute also provides that, " No damages beyond cost of protest, shall be chargeable against drawer or indorser, if, upon notice of protest, and demand of the principal sum, the same is paid."

The complaint, though it avers due notice to the drawer of the non-payment of the bill, fails to allege a demand of the principal sum; hence it is contended that the plaintiff was not entitled to the 5 per cent. included in the judgment.

Prior to the revision of 1852, the drawer and indorser, upon notice of protest for non-payment, became at once liable, as well for the statutory rate of damages, as the, principal of the bill. Payment of the principal sum would not have avoided the damages. But the act to which we have referred, allows the drawer or indorser, upon such notice, and a demand of the principal, to avoid the payment of any damages beyond the cost of protest. Is the holder of the bill, in order to recover the damages, bound, in addition to the notice, to make a special demand? or does the former include the latter? The solution of these inquiries decides the case.

The law governing negotiable paper does not require the notice of protest to contain a formal demand of payment. Still such notice necessarily implies that the holder means to rely on the party to whom it is sent for indemnity. 2 Pet. 543.—22 Ohio R. 345. The notice, then, is in effect

a demand, and, without anything more specific, seems to meet the essential requirements of the enactment. The party who receives it is made legally cognizant of his liability on the bill; and to require any demand other than that implied in the ordinary notice of protest, would, indeed, be of no effective benefit. This construction plainly accords with the intent, and is not in conflict with the letter, of the statute. The defendants having failed to pay the principal of the bill, upon notice of its dishonor, are, in our opinion, liable for the damages.

There is another error assigned—the recovery is for 5,357 dollars, when the plaintiff in her complaint demands judgment for 3,500 dollars. The code requires a complaint to contain four requisites, one of which is pointed out as follows: " A demand for the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated." 2 R. S. p. 37, s. 49. At common law, the plaintiff cannot recover a greater sum than he claims in his declaration, and there seems to be no reason why the same rule should not apply under the code of procedure now in force. But the appellee says that the amount demanded in the complaint is a mere clerical error which might have been amended in the Circuit Court, and therefore should be deemed to be amended in this Court. This conclusion is not induced by anything contained in the record. Before the commencement of the trial, the Court, on the plaintiff's motion, might have permitted him to increase his demand; but such an amendment would have been a substantial change in the complaint, and it is only when the pleadings are defective in matter of form, that they will be deemed to be amended in the Supreme Court. 2 R. S. p. 162, s. 580 (1). In this case, especially, we have no authority to consider the amendment as made; because the default, on which the plaintiff founds her judgment, admitted an indebtedness to the amount of 3,500 dollars and no more; and this Court has no power, even under the liberal system of amendments allowed by the code, to extend the effect

of such admission, so as to make the demand correspond with the judgment. Van Santvoord's Pl. 814.

The recovery in the present case being greater than the amount claimed in the complaint, the proceedings must be held erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. G. Bright,* for the appellants.

*W. M. Dunn* and *A. W. Hendricks,* for the appellee.

(1) See *Langdon* v. *Bullock,* 8 Ind. R. 341; *The State* v. *Cross,* 6 *id.* 387; 8 Blackf. 200.