### ALBERT MERRILL vs. FRANKLIN CURTIS.

Where this court has jurisdiction of the parties and subject-matter in a writ returnable thereto, and the *ad damnum* is fixed at a sum below the jurisdiction of this court, but within the exclusive jurisdiction of the superior court, the *ad damnum* may, before trial, be increased, so as to bring the action within the jurisdiction of this court.

Merrill v. Curtis.

ON EXCEPTIONS.

ASSUMPSIT on an account annexed, for three hundred dollars, and in "another sum of five hundred dollars, for so much money had and received."

The writ was made in Aroostook county, on an Aroostook county court blank, returnable to the October term of this court, in this county.

The plaintiff is a citizen of Portland, and the defendant of Boston.

On the back of the writ was a certificate, made in accordance with R. S. c. 113, § 2, and the officer, a deputy-sheriff for the county of Aroostook, made service on the defendant, by arresting him in Aroostook county, whereupon the defendant gave a bond for his appearance.

It appeared that the writ was made by a clerk of an attorney in Aroostook county, by whom the *ad damnum* was first written "six hundred dollars," and subsequently changed to "five hundred dollars," for the accommodation of the defendant, and without any thought of the superior court, there being no such court in any county in the State other than Cumberland.

On the second day of the return term, the defendant appeared specially, and filed a motion to dismiss the action, for want of jurisdiction; whereupon the plaintiff moved to amend the *ad damnum*. The presiding judge overruled the plaintiff's motion, and ordered the action to be dismissed, as matter of law; to which ruling the plaintiff alleged exceptions.

*A. Merrill*, pro se.

*Davis & Drummond*, for the defendant.

1. "The damages demanded do not exceed $500," hence, the superior court has exclusive jurisdiction of the action, and this court, in this county, none. Some statutes give jurisdiction to two courts, but mulct the plaintiff in costs, if he brings his action in the higher court, when it should have been brought in the lower. Here the superior court has exclusive jurisdiction of $500 and

under, and the jurisdiction of this court expressly taken away. Pub. Laws of 1868, c. 151, §§ 5, 13.

2. The court having no jurisdiction, cannot create a jurisdiction by allowing an amendment.

In *McLellan* v. *Crofton*, 6 Maine, 307, the defendant appeared, pleaded generally, and did not object to the want of an *ad damnum* till after verdict.

In *Converse* v. *Damariscotta Bank*, 15 Maine, 431, the court had jurisdiction of the case, but the defect being one of service, was amended. So in *Danielson* v. *Andrews*, 1 Pick. 156, the court had jurisdiction. In *Cragin* v. *Warfield*, 13 Met. 215, there was an appearance, and the amendment made on motion. So in *Ellis* v. *Ridgway*, 1 Allen, 501. *Hart* v. *Waitt*, 3 Allen, 532, is not in point. If the *ad damnum* is beyond the jurisdiction, the court may well go to the extent of its jurisdiction. But a court having no jurisdiction is powerless to give itself jurisdiction.

WALTON, J.    By § 5, c. 151, of the Pub. Laws of 1868, the superior court has, within the county of Cumberland, exclusive jurisdiction of all actions of assumpsit not exclusively cognizable by municipal courts and trial justices, wherein the "damages demanded do not exceed five hundred dollars;" and by § 13, the jurisdiction of the supreme judicial court is limited accordingly.

The *ad damnum* in the writ in the action at bar was fixed at five hundred dollars; and it is contended that the "damages demanded do not exceed" the statute limit within which the superior court has "exclusive jurisdiction," and that hence this court cannot take sufficient cognizance of the action to allow such an increase of the *ad damnum* as will give it jurisdiction.

"Jurisdiction," etymologically considered, signifies a declaration of law. But practically, when the books speak of a court having jurisdiction of a personal action, they mean, in general terms, that the court has authority not only to declare the law concerning the subject-matter in controversy, but also the power of enforcing that declaration between the parties. So that the essentials of jurisdic-

Merrill *v.* Curtis.

tion are power over the parties and the subject-matter of difference between them.

It is not contended that the parties were not within the jurisdiction of this court when the writ was served; for the plaintiff then was and he still is a counselor of this court, resident in this county; and the officer's return shows that personal service was made upon the defendant while commorant in our county of Aroostook. Nor is it contended that this court does not have cognizance, in this county, of actions of assumpsit in which the " damages demanded " " exceed five hundred dollars ; " nor that, had the writ been returnable in any county other than Cumberland, this court would not have had jurisdiction. But notwithstanding the parties and the matter of contention between them are within the jurisdiction of this court, and although service has been proper and timely upon the defendant, and he has given a bond to appear before this court and abide its judgment, still, inasmuch as the *ad damnum* was, by the clerk of the plaintiff's attorney, cut down from six hundred to five hundred dollars, to accommodate the defendant by lessening the penalty of his bond, he comes into court, and, instead of pleading to the merits of the action, makes the purely technical objection that the letter of § 5 takes the jurisdiction of the action from the highest court in the State and confers it on the next highest, and he pleads abatement. To obviate this technical difficulty, the plaintiff moves for leave to amend by increasing the *ad damnum*. We think now, as did C. J. Mellen on a similar occasion, that " it would be matter of regret, if not of reproach to our laws, and to the administration of them, if such a motion could not be sustained." *McLellan* v. *Crofton*, 6 Greenl. 307.

In the case just cited, to the complaint that the court had no jurisdiction because the writ contained no *ad damnum*, C. J. Mellen, in pronouncing the opinion of the court, said, " If we are referred to the record, we must look to the whole of it. An account of some thousands of dollars is annexed to the writ, and the verdict which the jury have returned has established the plaintiff's claim to a large amount, showing that legal jurisdiction over it appertained to

the court." Following the path pointed out by that eminent jurist, and looking at the declaration (which is made a part of the case), we find one count on an account annexed for three hundred dollars, and a count "in another sum of five hundred dollars" for so much money had and received, thereby showing that the plaintiff claims to recover eight hundred dollars, an amount over which the legal jurisdiction of this court appertains.

Again; the opinion already quoted from also declares that the total omission of an *ad damnum* in a writ may, at any time before the rendition of judgment, be properly considered as merely a "circumstantial error" and "amendable by law" within the statute of 1821, c. 59, § 16 (R. S. of 1857, c. 82, § 10). And if an entire *ad damnum* can be lawfully supplied, we do not readily perceive why one which is below the amount fixed by the statute as the minimum limit of the jurisdiction may not on the same principle be increased.

So in *Converse* v. *Damariscotta Bank*, 15 Maine, 431, the *ad damnum* in the writ exceeded one hundred dollars; and the service having been made by a constable, the defendant appeared and seasonably pleaded the defective service in abatement; whereupon the plaintiff moved to amend by reducing the *ad damnum* to one hundred dollars, and the full court sustained the motion, thereby making the *de facto* service a service *de jure*.

In Massachusetts there are numerous cases which sustain the amendment prayed for in the plaintiff's motion in this case. The latest one which has come under our notice is *Hart* v. *Waitt*, 3 Allen, 532, wherein it is held that a justice of the peace may, before trial, allow a reduction of the *ad damnum* in a writ returnable before him to an amount which will bring the case within his jurisdiction, if he has jurisdiction of the parties and subject-matter. After reviewing the cases in Massachusetts bearing upon the question, some of which, the court say, "are cases where the jurisdiction was created or sustained by the amendment allowed," the opinion comes to the following conclusion which we adopt as applicable to the case at bar, *mutatis mutandis :* "Where the court, to which the

writ is returnable, has jurisdiction of the parties and of the subject, as in the present instance, and the only objection is that the *ad damnum* is to a larger amount than the court can exercise jurisdiction of, we perceive no legal objection to the allowance of an amendment by the court to which it is returnable, reducing the *ad damnum*. If that is done before proceeding to trial on the merits, the court will then have a case before them within their statute jurisdiction as to amount of damages, and may proceed to adjudicate thereon, and all subsequent proceedings will be the same as if the *ad damnum* had been originally the same as made by the amendment."

We are aware that the early case of *Hoit* v. *Malony*, 2 N. H. 322, decided in 1821, and incidentally approved in *Flanders* v. *Atkinson*, 18 N. H. 167, is an authority against granting the plaintiff's motion. Whether these cases were intended to be modified by *Taylor* v. *Jones*, 42 N. H. 25, it is not necessary for us to inquire; for it is a sufficient answer to those cases to say, that our own court have, in *McLellan* v. *Crofton, ubi supra*, settled the question in favor of granting the plaintiff's motion; and that while we may not say with Judge Howe (Howe's Practice, 366) that the opinion in *McLellan* v. *Crofton*, "is the better authority," we do think it the better practice. *Exceptions sustained.*

APPLETON, C. J.; CUTTING, KENT, BARROWS, and DANFORTH, JJ., concurred.