.Faulkner *v.* Larrabee *et al.*

No. 8408.

## FAULKNER *v.* LARRABEE ET AL.

**EXECUTION.**—*Proceeding to Enforce Judgment Against Real Estate of Deceased Judgment Debtor.*—*Statute Construed.*—Section 406 of the code, 2 R. S. 1876, p. 197, providing for the issuing of execution, does not apply to cases where the judgment debtor has died and his land has passed into the hands of his heirs, but only to cases where the judgment debtor is living, and does not, therefore, entitle a party to have execution after the judgment debtor's death, by summary proceedings upon mere notice and motion.

**SAME.**—*Pleading.—Complaint.—Practice.—Heirs.*—Proceedings for the enforcement of a judgment against the real estate of a deceased judgment debtor, in the hands of his heirs, require the filing of proper pleadings, and the decision of the issues by a regular trial, and a complaint therefor, under the provisions of the code respecting the enforcement of such judgments, 2 R. S. 1876, p. 265, which fails to show that any property of the decedent came into the hands of the heir against whom relief is sought, is insufficient.

From the Ripley Circuit Court.

*G. Durbin, H. W. Harrington* and *A. G. Howe,* for appellant.

*J. O. Cravens,* for appellees.

ELLIOTT, J.—The court below sustained demurrers to appellant's complaint, and error is assigned upon this ruling.

The first paragraph of the complaint alleges that, on the 27th day of November, 1865, Hess and others obtained judgment against James H. Colston, for $1,063.63; that, on the 6th of March, 1867, Colston procured Henry Yates to become replevin bail upon the said judgment; that Yates was compelled to pay, and did pay, the entire amount of the judgment; that, in 1870, Yates assigned the judgment to the appellant; that James W. Colston died, leaving surviving him as his only heir, his wife, Sarah E. Colston; that, in 1872, an administrator of said decedent's estate was appointed, and that final settlement was made in 1874. It is also averred that said judgment is unpaid; and that it is a lien upon real estate of which James H. Colston was the

owner when the judgment was rendered, but no description of the real estate is given. The second paragraph is different from the first in this respect: It gives a description of the real estate of which James W. Colston is alleged to have been the owner when the judgment was rendered.

Appellant contends that the facts stated in his complaint make a case within section 406 of the code. That section does not apply to cases where the judgment debtor has died and the land has passed into the hands of his heirs. It is evident, from the language of the section itself, that it applies only to cases where the judgment debtor is living. That this is the true meaning of the section of the code under immediate mention, is apparent from the fact that there are other provisions governing cases where the judgment debtor has died. It is the settled rule of the common law that an execution can not be issued, after the death of the execution debtor, which will authorize the sale of real estate bound by the lien of the judgment. When a person, who was not a party to the original judgment, becomes, by the death of the execution defendant, an owner of the real estate affected by the judgment, the common law required that he should be made a party, by a *scire facias*, before execution could rightfully issue. Section 406 does not so far impinge upon the common-law rule as to entitle a party to have execution, after the judgment debtor's death, by summary proceedings upon mere notice and motion.

The complaint shows the death of the original debtor, the appointment of an administrator and the final settlement of the estate of the deceased judgment defendant. The facts stated show a case which, if properly made out, would fall within the provisions of section 642 of the code. This section provides that, in case of the death of any judgment debtor, the heirs of such debtor may, after the expiration of one year from the time of granting letters of administration, be summoned to show cause why the judgment should not be enforced

Faulkner *v.* Larrabee *et al.*

against the estate of the judgment debtor, in their hands respectively. Provision is made in sections 643, 644, 645 and 646 for the issuing of a summons, for the formation of issues, and for trial. It is evident, therefore, that proceedings, in cases where the execution debtor is dead, are very different from those in cases where he is in life; for, in the latter case, the proceeding is a mere summary one, by informal notice and motion; whereas, in the former, the proceeding is a formal and regular one, requiring the filing of proper pleadings, and the decision of the issues by a regular trial. In the proceedings to revive, the proper judgment is, that the money be made out of assets in the hands of the administrator; but, if they be not sufficient, then of the lands of the decedent. *Graves* v. *Skeels*, 6 Ind. 107. The only judgment which is proper, under section 406, is a mere order that execution issue.

The complaint is insufficient, under the provisions of the code respecting the enforcement of judgments against the real estate of deceased judgment debtors, for, at least, one plain and substantial reason. It does not aver that any property came to the hands of the appellee, and section 642 provides that the judgment may be enforced against the property of the judgment debtor, in the hands of the heirs respectively. Under this provision, no complaint can be good which fails to show that property of the decedent did come to the hands of the heir against whom relief is sought. The present complaint, so far from showing that any property of the deceased came to the hands of the appellee, does not even show that, at the time of his death, he was the owner of any property at all. It is averred that he owned real estate in 1866, but it is not alleged, even by the remotest indirection, that he owned any when he died, in 1869. The ruling upon the demurrer to the complaint was right, and the judgment should be affirmed.

Judgment affirmed, at costs of appellant.