Decker *v.* Gilbert *et al.*

----

No. 8646.

## DECKER *v.* GILBERT ET AL.

DECEDENTS' ESTATES.— *Enforcement of Lien against Real Estate.— Justice's Transcript of Judgment.*—When a lien is acquired upon real estate by a justice's transcript filed and docketed in the clerk's office, and the debtor

Decker *v.* Gilbert *et al.*

afterwards conveys the land to a third person, and then, before the clerk issues execution, dies, the creditor must enforce his lien by suit.

SAME.—*Complaint.*—The complaint in an action to enforce such lien need not allege that there is no property of the estate 'of the debtor out of which the judgment can be made.

PLEADING.—*Verification.*—*Demurrer.*—A demurrer will not reach the want of verification of a pleading.

From the Gibson Circuit Court.

*R. M. J. Miller* for appellant.

*W. M. Land* for appellees.

ELLIOTT, C. J.—Appellant seeks to review a judgment rendered against him at the suit of the appellees. The ground upon which the review is sought is, that the complaint upon which the judgment was rendered is insufficient. The facts stated in that complaint may be thus summarized: Appellees recovered several judgments against one Harvey Bond before a justice of the peace; executions were thereon issued and returned no property found; transcripts were filed and docketed in the office of the clerk; after these transcripts had been filed and docketed, Harvey Bond sold the real estate, which is the real subject of this controversy, to the appellant. Shortly after the sale to appellant, but before execution had been issued by the clerk, Bond died, leaving a widow and children. The prayer of the complaint, of which we have given a summary, is, that the judgments may be declared liens upon the real estate bought by appellant of Bond, that an execution issue, and that the real estate be sold to satisfy the judgments of the appellees.

The specific objections to the complaint are thus stated in the bill, or complaint, filed in the present case: "1st. That the said complaint so filed by said Gilbert and Baker against this plaintiff and said other defendants, does not state facts sufficient to constitute a cause of action against this plaintiff. 2d. That said complaint was not verified, nor any affidavit filed therewith at any time by the said Gilbert and Baker, setting forth that said judgments were unpaid, or stating the amount

due thereon, as required by statute.    3d.  That no notice was ever served upon the plaintiff, describing said judgments and requiring him to show cause on the first day of the term of court, or in any way informing him of the nature and purpose of said suit."

The action in which the judgment was rendered, which is here sought to be reviewed, is not founded upon article 35 of the code of 1852.    It was not a proceeding to enforce a judgment against the real estate of a deceased judgment defendant. The land was not owned by Bond, the judgment debtor, at the time of his death, but was owned by this appellant.    The heirs of Bond had no actual interest in the action to enforce the lien of the appellees' judgments; but, as they were the heirs of the deceased judgment debtor, it was not improper to make them parties.    There are no facts stated in the complaint here attacked by the bill of review, showing that the proceeding was brought under the statute referred to, nor were the proceedings in accordance with its provisions.    Neither does the complaint profess to make a case within the provisions of article 35.    As the proceeding does not rest upon, or come under, the provisions of that article of the code, its sufficiency is not to be measured or determined by them.

The action by the appellees against the appellant and the heirs of Bond was not brought under the provisions of section 406 of the code.    That section provides for the issuing of an execution upon motion where the execution defendant is in life, and not to cases where the judgment debtor dies after the entry of judgment.    An execution against the lands of a deceased person can not issue upon mere notice and motion.    *Faulkner* v. *Larrabee,* 76 Ind. 154.    Nor can an execution be issued in the summary proceeding provided for by section 406, to enforce the lien of a judgment against lands conveyed to a third person, in cases where the grantor and judgment debtor is dead.

The appellees' judgments were liens upon the lands conveyed to appellant by the judgment defendant Bond, and

there must certainly be some method of enforcing the right vested in appellees by these liens. The law does not permit a legal right to exist without a remedy. We think the remedy adopted by the appellees for the enforcement of their right was an appropriate one. They had an undoubted right to subject the land to the payment of their judgments. They appealed to the court by proper complaint, and by due process regularly served upon the appellant required him to appear and show cause, if any there was, why the lands bought by him of their debtor should not be sold upon execution. The appellant was thus given his day in court, and challenged to controvert the right of the appellees to enforce the lien of their judgments. The course pursued by appellees was the only one open to them. As we have seen, they could not proceed under the statute governing proceedings in cases where a judgment creditor seeks to reach the lands of a deceased judgment debtor, nor under the provisions of the code providing for obtaining an order for an execution upon notice and motion. The course pursued by the appellees is in close analogy to, and in substantial harmony with, proceedings in cases where a *scire facias* was proper, or necessary, at common law. The right of a third person, the appellant, had intervened, and this made it proper to bring him into court before obtaining an execution. Herman Executions, sec. 83 ; Freeman Executions, sec. 81. Had the execution defendant been living, it might not have been necessary to bring the appellant into court; but, as he was dead, there was no way in which an execution could have been obtained, except upon appeal to the court by proper complaint. We can see no reason for appellant's complaining of the course pursued, for it afforded him an ample opportunity to make good any defence he might have to the enforcement of the appellees' judgments.

It is maintained that the complaint in the action against appellant and the heirs of his grantor, is bad, for the reason that it does not allege that the deceased grantor did not leave other

property out of which the judgments of the appellees could have been satisfied. The complaint does show that executions were issued in the life-time of the debtor, and returned no property found, and this, taken in connection with the other allegations of the complaint, made out at least a *prima facie* case. If there was other property which could have been made available, this would have been matter of defence. The appellant had an ample opportunity to make his defence and, having cast it aside, he is not now in a situation to receive very favorable consideration from the courts.

If it were conceded that the complaint of the appellees in the action brought by them against the appellant and the heirs of this grantor, does not show that there was not property of the decedent's estate, which might have been subjected to the payment of the judgments, the attack here made can not prevail. The appellees certainly had a right to executions upon their judgments. The fact that there may have been property will not defeat their right to enforce their judgments, and, in order to accomplish this, it was necessary to obtain the executions sought. *White* v. *Elkin,* 6 Blackf. 123.

It is a principle of equity that where a judgment debtor sells real estate, the purchaser may compel the judgment creditor to sell the property owned by the debtor before resorting to that sold by him and held by his vendee. This principle we recognize, but we do not approve the application made of it by the appellant. It is not necessary for the judgment plaintiff to hunt up property in order to save the purchaser. His judgment is a lien enforceable by levy and sale, and the purchaser must show some reason why the land which he bought, subject to the lien of the judgment and the rights of its owner, shall not be subjected in due course of law to the payment of the judgment. *Prima facie,* the judgment creditor has a right to enforce his lien according to law. If the subsequent purchaser desires the interference of equity, he must affirmatively show some grounds entitling him to it. He can not ask it as a mere matter of course. The judgment creditor has the legal

right to enforce his lien, and the party who seeks to turn him aside must show some reason warranting his request. The principle we are speaking of is thus stated in *The Commercial Bank, etc.,* v. *The Western Reserve Bank,* 11 Ohio, 444: "His," the creditor's, "rights are plain, at law, to have satisfaction of his judgment, from anything bound by its lien. They whose interests are subordinate to his, by paying the debt, may substitute themselves for him, and take upon themselves the administration of his remedies; 1 Johns. Ch. R. 409, 430; 4 Ib. 130; but they are not permitted to interfere with his pursuit, unless they can point out property of the debtor, upon which the burden will fall more equitably, and which will yield the means of adequate satisfaction, without embarrassment, expense, or delay."

The fact that appellees' complaint in the action instituted by them was not verified, does not entitle appellant to maintain a bill of review. Want of verification is a defect which can not be reached by demurrer. *Buchanan* v. *The Logansport, etc., R. W. Co.,* 71 Ind. 265; *Turner* v. *Cook,* 36 Ind. 129. If such a defect is not ground for a demurrer, it certainly can not be cause for reviewing a judgment. We do not mean to decide that it was necessary for appellees to verify their complaint, for we deem it unnecessary to make any decision upon that question.

We need not enquire whether appellees' complaint entitled them to all the relief prayed, for, if sufficient facts were properly pleaded entitling them to any substantial relief, this bill of review can not be maintained. A complaint good in part, and entitling the plaintiff to judicial assistance, will repel an attack by demurrer. *Teal* v. *Spangler,* 72 Ind. 380; *Bayless* v. *Glenn,* 72 Ind. 5. A bill of review is not more potent than a demurrer.

Judgment affirmed.