# CHARLESTON.

## McGlamery v. Jackson.

### Decided May 3, 1910.

1. ACTION ON THE CASE—*Declaration.*

    Lack of an *Ad damnum* clause in a declaration in trespass on the case is an omission of matter of substance and cannot be disregarded on a demurrer to the declaration.

67 W. Va.

2.   PLEADING—*Aider by Verdict.*

    When a demurrer has been interposed for such a defect, it is neither waived nor cured by the verdict.

3.   WASTE—*When Action Maintainable—Rights of Remainderman.*

    Trespass on the case in the nature of an action for waste may be maintained by a reversioner, vested with the remainder in fee simple, against the life tenant, for injury done to the estate in remainder by the cutting of timber on the land.

4.   DEEDS—*Construction—Nature of Estate.*

    A deed by which the grantor, reserving to himself a life estate in the land, grants and conveys, to his grand-daughters, for and in consideration of natural love and affection and five dollars in money, "the remainder in fee simple after the life estate therein" of himself, vests a present estate in remainder in the grantees.

(WILLIAMS, JUDGE, Absent).

Error to Circuit Court, Greenbrier County.

Action by Cora McGlamery and others against James W. Jackson.   Judgment for plaintiffs, and defendant brings error.

*Reversed and Remanded.*

*Henry Gilmer,* for plaintiff in error.

*Charles S. Dice,* for defendants in error.

POFFENBARGER, JUDGE:

In an action of trespass on the case for timber cut and removed from certain land, Cora McGlamery and Josie Winifred McGlamery, claimed estates in remainder in the land, recovered a judgment for $637.00, against James W. Jackson, the life tenant, in the circuit court of Greenbrier county. As the declaration contains no *ad damnum* clause, its sufficiency was challenged by demurrer, and the demurrer having been overruled, there was a motion in arrest of judgment, because of the defect in the declaration, which motion was likewise overruled.

Propriety of the remedy is not denied, but, if it were, that question has been settled. An action of trespass on the case in the nature of an action for waste is available to the reversioner against the life tenant. *Rogers* v. *Boom & Driving Co.,* 41 W. Va. 593; *Moses* v. *Old Dominion Co.,* 75 Va. 95.

If there had been no demurrer to the declaration, the verdict would have cured the defect, or, to be more accurate, the defect would be harmless because the declaration could be amended by the writ, which is treated as a part of the record for purposes of amendment. *Stevens* v. *White,* 2 Wash. (Va.) 203; *Palmer* v. *Mill,* 3 H. & M. 502; *Hook* v. *Turnbull,* 6 Call 85 As the declaration is susceptible of amendment by the record, it is plausibly insisted that the defect is not prejudicial; but this reasoning carries on its face an admission of the materiality of the omitted matter. If the *ad damnum* clause were mere matter of form and not of substance, no amendment would be necessary. The omission thereof could be ignored on a demurrer. As an amendment is necessary, in order to make the declaration sustain the judgment, it necessarily follows that the allegation, when in, is one of substance. Therefore, it is not dispensed with by section 29 of chapter 125 of the Code of 1906, saying the court shall not regard, on demurrer, any defect or imperfection in the declaration, unless there be omitted something so essential to the action that judgment according to law and the very right of the cause cannot be given. Injury and damage constitute the very gist or gravamen of an action of trespass on the case, just as the promise constitutes the basis of an action of *assumpsit.* The claim of damages may perform a very important function. It apprises the defendant of the amount of the claim. If it be but a hundred dollars, he may not wish to defend; but if it be a thousand dollars, he may desire to do so. Whatever the reason may be for its materiality, no decision of this Court or the Virginia court goes so far as to authorize omission of the *ad damnum* clause. On the contrary, its materiality is admitted and confessed in the assertion that the effect of its omission can be cured by amendment. Moreover, none of them say it can be disregarded on demurrer. If there had been no demurrer, the defect would be cured by section 3 of chapter 134, saying no judgment shall be reversed for any defect, imperfection or omission which might have been taken advantage of on a demurrer but was not so taken advantage of.

In *Craighill* v. *Page,* 2 H. & M. 446, 455, Judge Tucker said: "It is not necessary to lay damages in the declaration in an action of debt." This may be true, inasmuch as the declara-

tion in debt demands a certain sum of money, and the gist of the action is non-payment thereof. For this reason, it may be distinguished from trespass on the case and others sounding in damages, wherefore the decision is not a precedent for the omission in one of this class. *Allison* v. *Bank*, 6 Rand. 204, relied upon here, was also an action of debt. In 5 Ency. Pl. & Pr. p. 707, a number of decisions are cited for the proposition that the declaration can always be amended as to the damages by the writ and that, therefore, the defect is unavailing in an appellate court, but an examination of these decisions shows that none of them were actions of trespass on the case. Some were actions of *assumpsit* and treated very much like actions of debt. *Farley's Adm'r* v. *Nelse*, 4 Ala. 185; *Proctor* v. *Crozier*, 6 B. Mon. (Ky.) 268. One was an action of debt. *McWhorter* v. *Standifer*, 2 Porter (Ala.) 519. Others approve and justify the allowance of amendment by the trial court before judgment, in respect to such defect. *Eaton* v. *Case*, 17 R. I. 429; *Merrill* v. *Curtis*, 57 Me. 152; *Burley & Co.* v. *Merrill*, 49 N. H. 35. In some of these cases, there was no demurrer and the defect was declared to have been cured by the statute of jeofails. Like our own decisions, all of these assert the materiality of the allegation of damages, by declaring the necessity of an amendment to supply the omission thereof, or waiver by failure to demur on account thereof. In those instances in which demurrers have been interposed, the *ad damnum* clause has been held to be matter of substance. *Brownson* v. *Wallace*, 4 Blatch. (U. S.) 465; *Devoe* v. *Skidmore*, 47 Conn. 19; *Sedberry* v. *Verplank*, 31 S. W. 242; *Goodall* v. *Harrison*, 2 Mo. 153; *May* v. *Bank*, 9 Ind. 235; *Webb* v. *Thompson*, 23 Ind. 431.

That the amendment can be made by the record, when a demurrer has been interposed and erroneously overruled, as easily as when the objection was not so made, constitutes a strong argument against reversal for such omission, it must be admitted, but there has been no waiver of the defect, nor has the amendment been made. The defendant was entitled to a sufficient declaration before proceeding to trial, and could have compelled dismissal of the action for lack thereof, on refusal to amend. He did everything in his power to avail himself of this right and it was denied to him. In view of this, we do not see how

he can be precluded from insisting .upon it here. The motion in arrest of judgment should have been sustained.

As the case may come up for trial on an amended declaration, it becomes necessary to pass upon another objection, namely, that the plaintiffs, having no right to possession of the land, since they take in remainder after a life estate, under the deed conferring their title, cannot recover damages for timber cut from the land. A remainderman can recover damages for injury done to his estate. *Jordan* v. *City of Benwood,* 42 W. Va. 312.

It is also urged that the deed does not vest any present estate in the plaintiffs. The defendant is the grantor therein. For and in consideration of natural love and affection and five dollars in. hand paid, he conveyed the land to the plaintiffs, his grand-daughters, subject to a life estate reserved to himself. The granting clause is as follows: "The party of the first part does by these presents grant and convey unto the said party of the second part the following real estate, viz: The remainder in fee simple after the life. estate therein of the said James W. Jackson, which he hereby expressly reserves, in one hundred and thirty acres of land, a portion of said James W. Jackson's home place." After the description of the premises, a clause was inserted by which the grantor covenanted for good title and right to convey and against incumbrances, and warranted the title generally. The deed was acknowledged and admitted to record. The contention that it does not vest any present estate in the grantees, but is in fact a testamentary paper, intended to have no effect and to pass no title until after the death of the grantor, cannot be sustained, in view of what is said in *Lauck* v. *Logan,* 45 W. Va. 251, of a deed, containing a clause, purporting to limit the effect thereof until after the death of the grantor. Here an estate is granted by words, purporting to make it take effect at once, and unattended by any inconsistent clause or terms. The intent to pass an estate *in presenti* is clear beyond the shadow of doubt.

For the reasons stated, the judgment will be reversed, the verdict set aside, the demurrer sustained, and the case remanded with leave to the plaintiffs to amend their declaration.

*Reversed and Remanded.*