## Hartwell and Others *v.* Candler.

In a suit by the indorsee against the indorser of a promissory note, negotiable and payable at a chartered bank within the state, the declaration must aver that the note was presented at the bank for payment at the time it became due.

The statute of 1836, relative to suits on notes, &c. payable at a particular place, does not apply to suits by indorsees against indorsers.

ERROR to the *Cass* Circuit Court.

Dewey, J.—Assumpsit by the last indorsees of two promissory notes against the payees and remote indorsers thereof. The declaration contains two counts, each of

*Nov. Term, 1839.*

*Hartwell v. Candler.*

*Friday, November 22.*

Nov. Term,
1839.

HARTWELL
v.
CANDLER.

which sets out a promissory note made by one *Barcus* to *Candler*, the defendant in error, and one *Mudge*, the defendants below, payable and negotiable at the *Lafayette* branch of the state bank of *Indiana*, and alleges the necessary indorsements to vest the legal ownership of the notes in the plaintiffs. The first count contains an averment, that the note therein described was presented by the plaintiffs at the proper bank, on the day on which it became payable, and payment thereof demanded of the maker, which was refused; and that due notice of non-payment was given to the defendants. The second count alleges that on the day the note therein named became payable, diligent search and inquiry were made for the maker thereof at the proper bank, in order that the note might be presented to him for payment, but that he could not be found; that the note was not paid; and that due notice thereof was given to the defendants. The process was returned not found, as to *Mudge*. *Candler* appeared and demurred to each count of the declaration; both demurrers were sustained, and final judgment was rendered in favour of *Candler*.

The decision of the Circuit Court was wrong as to the first count, and right as to the second.

This action is founded on promissory notes payable and negotiable at a chartered bank within the state, and is therefore governed by the law merchant. R. C. 1831, p. 94. By that law, when a negotiable note, or bill of exchange, is payable at a particular place, it is necessary in order to charge an indorser, or drawer, to make a presentment of the instrument at the specified place, or, at least, to have it there ready to be given up, if paid, and that notice of non-payment be given. Bayley on Bills, 200, 201.—Chitt. on Bills, 322. The first count contains the necessary averment of the presentment of the note at the bank, and should have prevailed against the demurrer.

The second count is defective. The allegation that search after the maker was made at the bank in order to present the note to him, is not sufficient. The maker might have had funds in the bank which might have been applied to the payment of the debt, had the note been produced to the officers of the bank.

The statute of 1836, (R. C. 1838, p. 462,) which enacts that in suits "based on any note, bill of exchange, or other obligation, payable at a particular place, it shall not be necessary to aver in the declaration, or prove on trial, a demand of payment at such place," is not applicable to suits between indorsees and indorsers; it was designed to embrace only the maker of a note, "or other obligation," and the acceptor of a bill of exchange.

*Per Curiam.*—The judgment is reversed, and the proceedings on the first count subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*H. Chase*, for the plaintiffs.
*W. Wright*, for the defendant.