Blackeoed, J.
This was an action of assumpsit commenced by Britton against J. R. E. Goodlet and William M. Hammond. The first three counts charge Goodlet as the maker, and Hammond as the indorser, of a promissory note negotiable and payable at the Evansville branch bank,120 days after date. The fourth count is for money paid for the defendants and on an account stated. The second and third counts were demurred to and the demurrers sustained. Hammond pleaded several pleas; but the proceedings as to him were enjoined by an order of the Couri of chancery. Goodlet pleaded non assumpsit. The issue between the plaintiff and Goodlet was tried by the Court, and judgment rendered against Goodlet.
The demurrers to the second and third counts were correctly sustained. The suit is brought, under the statute of 1839, against Goodlet, the maker, and Hammond, the indorser of the note ; and a count in such case to be valid should show a good cause of action against each of the defendants. Neither of these counts avers a demand of payment on the maker at the bank when the note fell due, and notice of his default to the indorser; and they are, therefore, bad on general demurrer. By the statute of 1836, an averment of a demand on the maker at the place was not necessary in the counts as to him ; but the statute does not apply to a suit against the indorser. R. S., 1838, p. 462; Hartwell et al. v. Candler, 5 Blackf., 215.
S. 0. Stevens, for the plaintiff.
We are next to inquire whether, under the circumstances, the plaintiff could take judgment against the maker of the note alone ? If the suit is to be governed by the rule established in other cases against two defendants sued on contract, there is no difficulty in this question. That it is to be so governed appears from what is said in the case of Dillon et al. v. The State Bank of Indiana, November term, 1841. *That rule is, that in such suit, process being served on both defendants, the plaintiff must recover, if at all, against both, except where one pleads some plea that goes to his personal discharge. 1 Will. Saund., 207, note 2; Shields v. Perkins, 2 Bibb. 227.
We consider, that the holder of such a note as the one before us, may proceed against the maker and indorsers jointly, under the statute of 1839, if he have a good cause of action against each of them, but not otherwise. When he has such grounds of suit, and chooses to proceed under the statute, his action must be brought against all the makers and indorsers living, and the judgment for the plaintiff, if any, must be rendered against all sued and served with process, with the single exception which has been already mentioned.
According to this doctrine, the judgment in this case against Goodlet alone is erroneous.
Per Curiam.—Th? judgment is reversed with costs. Cause remanded, &c.