No. 12,828.

## BUCHANAN v. MILLIGAN.

SPECIAL FINDING.—*Must be Complete.—Judgment.*—Where a judgment rests on a special finding of facts, all the material facts essential to support it must appear, as nothing will be supplied by intendment.

SAME.—*Appeal Bond.—Lost Instrument.—Finding as to Terms and Conditions.* —Where a party is sought to be made liable on an appeal bond which is averred to be lost, its terms and conditions must be so fully stated in the special finding that the nature of the undertaking may be ascertained and the extent of the liability of the obligor be made known as matter of law.

SUPREME COURT.—*Special Finding.—New Trial.—Mandate on Reversal of Judgment.*—Where a special finding of facts is so complete that nothing remains but to pronounce and apply the law, the mandate on reversal will be that judgment be rendered on the special finding; but where it appears from the whole record that justice can only be done by directing a new trial, that course will be adopted.

SAME.—*Powers of Courts.*—Courts will exercise such authority as will promote justice and prevent wrong.

From the Huntington Circuit Court.

*C. B. Stuart, W. V. Stuart* and *W. H. Trammel,* for appellant.

ELLIOTT, C. J.—When this case was in this court the first time, the complaint was held bad and the judgment reversed. *Buchanan* v. *Milligan,* 68 Ind. 118. On the return of the case to the court below, the complaint was amended and the amended complaint is again assailed. However, as we are without a brief from the appellee, we do not pass upon its sufficiency, but reverse the judgment upon another point, preferring this course in order that the subject may be more fully discussed.

The judgment rests on a special finding of facts, and in such cases it is well settled that all the material facts essential to support a judgment must appear, for nothing can be supplied by intendment. *Dixon* v. *Duke,* 85 Ind. 434; *Pittsburgh, etc., R. R. Co.* v. *Spencer,* 98 Ind. 186, and cases cited; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582; *Hassel-*

*man* v. *Carroll*, 102 Ind. 153; *Louisville, etc., R. W. Co.* v. *Balch*; 105 Ind. 93; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

In the finding before us, there is one material fact, at least, not properly stated in the finding, and that is the character and condition of the appeal bond on which the action is founded. The finding in this particular is defective. It is stated in the special finding that the defendant, Samuel Buchanan, executed the appeal bond, but it is not stated that it was the bond sued on, nor are the terms and conditions of the bond set forth. In this condition of the record, we can not ascertain that the appellant executed the bond sued on, nor can we ascertain the terms and provisions of any bond executed by him. Where a defendant is sought to be made liable on an appeal bond, which is averred to be lost, as is the case here, its terms and conditions must be so fully stated that the nature of the undertaking may be ascertained, and the extent of the liability of the obligor be made known as matter of law.

The judgment is reversed, with instructions to grant the appellant's motion for a new trial, as this will accomplish substantially the same result as the award of a *venire de novo,* and justice will best be done in this way.

Section 660, R. S. 1881, provides, among other things, that the Supreme Court "shall remand the cause to the court below, with instructions for a new trial, when the justice of the case requires it," and in several cases like this we have pursued that course. *Shannon* v. *Hay*, 106 Ind. 589; *Sohn* v. *Cambern*, 106 Ind. 302; *Western Union Tel. Co.* v. *Brown, post,* p. 538.

There are cases where it is evident from the face of the record that injustice would result from directing judgment on the special finding; and, in such cases, we think it is not only within our power, but that it is our duty, not to direct judgment upon the facts contained in the special finding, but to remand the case for a new trial. It is by no means every

case where this course will or should be pursued; but where, as here, it appears from the whole record, that justice can only be done by directing a new trial, that course will be adopted. Where the special finding is apparently full and perfect, and it appears that nothing remains but to pronounce the law and apply it to the facts, then the mandate should be that judgment be rendered on the special finding. Usually the special finding does so exhibit all the facts as to make it apparent that all that need be done is to apply the law to them, and in such a case the proper mandate is to render judgment on the facts.

It is an old maxim that "It is the duty of the judge, when requisite, to amplify the limits of his jurisdiction," and while, like most general maxims, it should not be taken without limitation, still it expresses the spirit of the law, which is that courts will exercise such authority as will promote the cause of justice and prevent wrong. It is in accordance with this general principle that it is held that appellate courts may modify a judgment, or may reverse it in whole or in part, as the justice of the case requires. Powell Appell. Proceed. 341. Our statute, as we think, intended to give express utterance to this general principle. R. S. 1881, sections 661, 662.

The provision of the code first referred to can not be justly confined exclusively to cases where there is a motion for a new trial, and the reversal is based on the ruling on that motion, for, in such cases, that would be the natural result of the judgment of reversal, without any express statutory provision. It needed no statutory declaration to produce that result where the judgment of the appellate court is founded on such a motion. It is evident, therefore, that the statutory provisions were meant to confer authority to do just what its terms imply, that is, direct a new trial "in all cases where justice requires it," leaving it for the Supreme Court to determine whether the case is one in which justice requires that a new trial should be directed, since to hold otherwise would be to declare that some of the words of the

statute are superfluous, and this is a conclusion forbidden by long settled rules of construction. This construction is the only one which gives reasonable effect to all the words of the statute, and relieves the Legislature from the imputation of having used unnecessary and meaningless words; and it is also a construction which gives fair and just effect to a remedial statute which was meant to invest the highest court of the State with power to make such orders as will secure justice to litigants.

Filed Dec. 11, 1886.