Brown v. Jones et al.

Filed Jan. 17, 1888.

---

No. 11,985.

## BROWN v. JONES ET AL.

BILL OF EXCHANGE.—*Acceptance.*—*Designating Place of Payment.*—The acceptor of a bill of exchange has the right to qualify his acceptance by designating the place of payment, and when the place is fixed it becomes a part of the contract.

SAME.—*Presentment at Place Specified.*—*Liability of Drawer or Endorser.*— Where the acceptor has designated the street and number where the bill is payable, it must appear, in order to charge the drawer or en-

dorser, that presentment for payment was made at the place specified, or a sufficient excuse for not so presenting it must be shown.

SAME.—*Statute not Applicable.*—Section 368, R. S. 1881, providing that it shall not be necessary to aver or prove a demand at the place of payment fixed in the contract, does not apply to a case where the demand of payment is necessary to create a cause of action against the drawer or endorser of a bill of exchange.

SAME. — *Special Finding.*—*Silence as to Fact.* — *Presumption.* — Where the special finding does not state that the bill was presented at the place designated, it will be presumed, as against the party having the burden of proof on that question, that it was not presented there.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*I. E. Schoonover, W. B. Reed, J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellees.

ELLIOTT, J.—The material facts as they appear in the special finding, but stated in a condensed form, are these: On the 11th day of February, 1884, the appellees were bankers, doing business at Attica, Indiana, under the name of the Citizens' Bank. On that day the appellant endorsed to them a bill of exchange drawn by him on F. W. Pullen & Co., Chicago, Illinois. The acceptance of the bill was in these words: "Accepted and payable at 1363 Kinzie street." By a series of endorsements, the bill reached the First National Bank of Chicago for collection. On the 15th day of March, 1884, that bank placed the bill in the hands of Orville Peckham, a notary public, to be presented for payment. "The notary," as the finding states, "went with said bill to the office of the acceptors for the purpose of presenting it for payment, but found the office closed and locked, and was, after the exercise of reasonable diligence, unable to find any member of the firm of F. W. Pullen & Co., and that said bill was thereupon duly protested for non-payment." Notice of protest was addressed to James F. Brown, and on the evening of March 16th was mailed to the Citizens' Bank at Attica. On the 18th day of that month the notice was received by the Citizens' Bank, and on the same day it was

mailed to the appellant at his residence and post-office, together with a written request for payment.

The acceptors of the bill had the right to qualify their acceptance by designating the place of payment. The designation of the place of payment became part of the contract, and it is an element that exerts an important influence upon the case.

One of the positions assumed by the appellant is, that he can not be held as an endorser or drawer because it does not appear that the bill was presented at the place fixed by the contract. It is the contention of his counsel that, while the finding shows that the bill was presented at the office of the acceptors, it does not appear that the office was the place designated in the acceptance.

In answer to the appellant's argument on this question, the appellees' counsel assume that the case is governed by our statute, and that it was not necessary to show that the bill was presented for payment. The statute to which they refer provides that, " In any action or defence founded upon a bill or note or other contract for the payment of money at a particular place, it shall not be necessary to aver or prove a demand at the place, but the opposite party may show a readiness to pay the demand at the proper place." R. S. 1881, section 368.

It is very clear that this statute has no application to a case where the demand of payment is necessary to create a cause of action against the drawer or endorser of a bill of exchange, and so it has been many times decided.

The finding does not show in express terms that the bill was presented at 1363 Kinzie street, nor does it show, as counsel assume, that diligence was used to find that place. It does state, in a very general way, that reasonable diligence was used to find the members of the firm of F. W. Pullen & Co., but it does not state that diligence was used to find the place described in the acceptance. If it were conceded that the general conclusion as to the exercise of diligence is

.sufficient, it could not be assumed that this conclusion applied to any other acts than those involved in the effort to find one of the acceptors.

It is, however, contended by appellees' counsel that presentment at the office of the acceptors was sufficient. If this be so, then the finding on this point may be upheld.

We are, however, constrained to differ from counsel upon this proposition. Our opinion is, that where a place of payment is definitely fixed by the contract of acceptance, there the presentment must be made, or a sufficient excuse for failing to there make it be shown, or else the drawer or endorser of the bill is discharged. The cases referred to by counsel do not oppose this conclusion. These cases are, *Shed* v. *Brett*, 1 Pick. 413; *Williams* v. *United States Bank*, 2 Pet. 96; *Ogden* v. *Cowley*, 2 Johns. 274; *Burbank* v. *Beach*, 15 Barb. 326; *Cayuga County Bank* v. *Hunt*, 2 Hill, 635; *Wiseman* v. *Chiappella*, 23 How. 368; and *Wallace* v. *Crilley*, 46 Wis. 577. In none of them was the place of payment fixed by the acceptance, and they can not, therefore, be regarded as at all in point.

Our conclusion has a firm support from the authorities. Mr. Daniel, after showing that to charge the acceptor it is not necessary to present the bill for payment at the place specified, says: " In respect to the endorser of a bill or note, or the drawer of a bill, payable at a particular bank or other place, the rule is different. He is not the original debtor, but only a surety. His undertaking is not general, but conditional upon due diligence being used against the principal debtor, and such diligence requires presentment at the place specified, where it is to be presumed that funds have been provided to meet the bill at maturity." 1 Daniel Negotiable Instr., section 644. Another writer says: " When a bill or note is drawn payable at a place named, it is essential to show, in an action against the drawer or endorser, a presentment at the place appointed." Edwards Bills and Notes, section 679.

In *Cox* v. *Nat'l Bank,* 100 U. S. 704, the court said : " Cases arise where the drawer of a bill of exchange designates in the instrument the place of payment, and the decisions are that in such a case both the drawer and the endorser will be discharged unless the bill be there presented for payment at maturity." It was held in *Marsh* v. *Low,* 55 Ind. 271, that the acceptor is the principal debtor, and so all the cases hold, holding, also, without exception so far as our investigation has gone, that, to charge the drawer or endorser, presentment for payment must be made at the place specified. *Hartwell* v. *Chandler,* 5 Blackf. 215; *People's Bank* v. *Brooke,* 31 Md. 7 (1 Am. Rep. 1) ; *Smith* v. *McLean,* 7 Am. Dec. 693; *Glasgow* v. *Pratte,* 8 Mo. 336 (40 Am. Dec. 142); *Dupre* v. *Richard,* 11 Rob. La. 495 (43 Am. Dec. 214), and note p. 222.

The question here is one of evidence, and not of pleading. The plaintiffs have failed to establish an essential element of their cause of action. As it is not stated in the finding that the bill was presented at the place designated, and as the burden of proof on that question is on the appellees, we must presume that it was not, in fact, there presented. *Stix* v. *Sadler,* 109 Ind. 254; *Vinton* v. *Baldwin,* 95 Ind. 433, and cases cited.

We think justice will be secured by awarding a new trial, and this is adjudged. *Parker* v. *Hubble,* 75 Ind. 580; *Yerkes* v. *Sabin,* 97 Ind. 141, 144; *Shannon* v. *Hay,* 106 Ind. 589; *Sohn* v. *Cambern,* 106 Ind. 302; *Western Union Tel. Co.* v. *Brown,* 108 Ind. 538; *Buchanan* v. *Milligan,* 108 Ind. 433.

Judgment reversed, at costs of appellees, and cause remanded, with instructions to award a new trial.

Filed Nov. 5, 1887 ; petition to modify mandate overruled Dec. 30, 1887.