No. 13,005.

## SINKER, DAVIS & COMPANY v. GREEN.

CONTRACT.— *Consideration.— Sufficiency.—Judgment of Contracting Parties.—* Where explanatory facts are necessary to show the insufficiency of the consideration of a contract, the courts can not, in the absence of such facts, substitute their judgment as to its sufficiency for that of the contracting parties.

SPECIAL FINDING.—*Silence as to Material Fact.—Presumption.—*Where the special finding is silent as to a material fact, it will be presumed, as against the party having the burden, that such fact was not proved.

SAME.—*Judgment Upon.—Supreme Court.—Ordering New Trial.—*Where the ends of justice will be better subserved by granting a new trial than by ordering judgment to be pronounced upon a special finding of facts, that course will be pursued.

From the Hamilton Circuit Court.

*E. A. Brown, L. M. Harvey, A. F. Shirts* and *G. Shirts,* for appellant.

*F. M. Trissal,* for appellee.

ELLIOTT, J.—On the 10th day of May, 1884, the appellant made conditional sale of a steam-engine and appliances to the appellee. The price agreed on was seven hundred dollars, of which the sum of one hundred dollars was paid at the time of the sale, and for the remainder the appellee executed three promissory notes of two hundred dollars each, payable, respectively, September 19th, 1884, January 19th, 1885, and May 19th, 1885. The contract of sale provided that the title should remain in the seller until full payment, and that partial payments should be considered as paid for the hire of the property. On the notes executed by the appellee forty dollars were paid, and, after they had become due, May 23d, 1885, the appellee, in consideration of the appellant's promise to extend the time of payment, executed a promissory note, and, to secure its payment, executed a mortgage on a wagon and team. After this suit was brought to

enforce payment of the note and foreclose the mortgage, the appellant, claiming under the original contract, took possession of the steam-engine and appliances. These facts appear in a special finding.

The contention of the appellant's counsel is, that the extension of time and the waiver of the right to immediate possession under the original contract were a sufficient consideration for the note and mortgage, while that of the appellee is, that the agreement between the parties was that no title to the property should pass, and that, when the appellant elected to take possession of the property, there was no consideration for the notes except the use of the property, and that this was satisfied by the application of the one hundred and forty dollars paid by the appellee on the debt due the appellant to that purpose.

When the appellee made default in payment, the appellant had a right to take possession of the engine and appliances. The extension of the time of payment was a recognition of the right of the appellee to still acquire title, notwithstanding the fact that the time originally fixed for payment had expired, and revived a right he had lost by his default. *Hutchings* v. *Munger*, 41 N. Y. 155. There was more, therefore, than a mere extension of time to pay a debt, for there was, also, a restoration of a lost right. It is evident that there was a benefit to the promisor and some detriment to the promisee, so that there was some consideration for the latter's contract. The agreement to postpone the time of payment was, indeed, in itself a valuable consideration; but we should not be inclined to hold it an adequate consideration if it stood alone, since we should feel constrained to hold that a promise to pay so large a sum for a short extension of time belongs to a class of contracts which the courts will not uphold. This point, however, we do not decide, for there are here two elements of consideration agreed upon by the parties, and the court can not, in the absence of explanatory or countervailing facts, substitute its judgment as to the sufficiency of the consider-

ation for that of the parties. *Wolford* v. *Powers*, 85 Ind. 294 (44 Am. R. 16).

We can not say that the use of the engine and appliances for the additional time secured by the extension was not a sufficient consideration in itself, nor can we say that the waiver of the default was not in itself an adequate consideration for the mortgage ; and these considerations, so far as we can judge from the facts disclosed in the record, were secured by the appellee. We incline to the conclusion that the appellee is right in affirming that the vendee who makes a conditional sale can not retake possession of the property and still enforce collection of the unpaid purchase-money. But in this case there is no finding that the extension of time and the grant of a right to use the engine and appliances did not constitute a sufficient consideration for the note and mortgage. We can not, without some facts justifying it, impeach this consideration and assume that the only consideration was the original agreed price of the property. We know from the finding that there was, in reality, some additional consideration, and until it is impeached we must uphold the judgment of the contracting parties who agreed upon it. Doubtless it was open to the appellee to show a want or failure of consideration, but this he has not done.

The note and mortgage import a consideration, and the burden was on the appellee to show either a want or a failure of consideration, and this, judging, as we must, by the special finding, he has failed to do. As the burden was on him, the silence of the special finding is adverse to him, for it is well settled that where the special finding is silent or insufficient on a material point, essential to a cause of action or defence, the party who has the burden must be the sufferer. The presumption in such a case is, that the facts essential to the maintenance of his cause of action or defence were not proved. *Stix* v. *Sadler*, 109 Ind. 254.

There is no statement in the finding that the one hundred and forty dollars paid by the appellee was a sufficient com-

The State, *ex rel.* McCray, *v.* Fiazier, Superintendent, etc.

pensation for the use of. the engine and appliances, or for the waiver of the default, and, as the burden was on the appellee to impeach the consideration of the note, we can not presume that it was not sufficient, or that the sum paid was applied on the hire of the property or as a compensation· for the waiver of default and the extension of time.

The finding does not show that possession was taken from the appellee before the note matured; on the contrary, it appears from the record that the note was executed on the 23d day of May, 1885, payable three months after date, and that the appellant did not assert its right to possession until December 25th, 1885.

The finding is meager, defective and unsatisfactory, and an inspection of the record convinces us that to pronounce judgment upon it would defeat justice. The case is one in which justice demands that a new trial should be awarded, for the record fairly indicates that omitted facts may be, in some measure at least, supplied. *Buchanan* v. *Milligan*, 108 Ind. 433. It is, therefore, ordered that a new trial be granted.

Judgment reversed, at the costs of the appellee.

Filed Feb. 8, 1888.