Murdock v. Cox et al.

Filed April 6, 1889.

———◆———

No. 13,466.

## MURDOCK v. COX ET AL.

PLEADING.—*Complaint.*—*Attack after Verdict.*—If a complaint, consisting of two paragraphs, taken as an entirety, states a cause of action in all of the plaintiffs, it is good as against an attack after verdict, although each paragraph states a cause of action only in some, and not in all, of the plaintiffs.

MORTGAGE.—*Consideration.*—*Parol Proof.*—The consideration of a mortgage may be proved by parol, but it is not competent to contradict by parol the conveying part of such an instrument.

SAME.—*For Support of Mortgagee.*—*Cancellation.*—Where, after partition of an intestate's property, the widow conveys to the heirs all of her interest in the land, and in consideration thereof and to better secure herself means of support during her life, requires each heir to execute to her a mortgage upon the land set apart to him, for a certain sum, with interest, "to be collected by her only," the mortgagors, upon showing a compliance with the mortgage during the mortgagee's lifetime, and a demand of the proper person after her death for its satisfaction, are entitled to have the mortgage cancelled.

SUPREME COURT.—*Special Finding.*—*Judgment upon.*—*New Trial.*—*Practice.*

—Where the Supreme Court is satisfied from the record that it would work injustice to direct judgment upon a special finding of facts, it will remand the cause with instructions to grant a new trial.

From the Ripley Circuit Court.

*J. G. Berkshire, J. B. Rebuck* and *G. F. Lawrence,* for appellant.

ELLIOTT, C. J.—It is alleged in the first paragraph of the complaint of the appellees that Eli Murdock died, intestate, in 1869; that he was, at the time of his death, the owner of a large quantity of land, and a large amount of personal property, and that all of his indebtedness has been paid; that in February, 1869, the heirs of the intestate partitioned the land of which he died seized, and that his widow, Jane Murdock, conveyed to the heirs all her interest in the land; that the better to secure herself means of support during her life, she required each of the heirs to execute to her a mortgage, upon the land set apart to him, for one thousand dollars, with interest at the rate of six per cent., payable when called for, to be collected "by her and by her only"; that in the division of the land Martha Cox, as one of the heirs, was awarded the west half of the northwest quarter of section ten, town. seven, and part of the southeast quarter of section two, town. seven; that she and her husband executed to Jane Murdock a mortgage for the sum of one thousand dollars "for the purpose aforesaid and not otherwise"; that they have paid all the interest to the mortgagee and have fully complied with the terms and conditions of the mortgage on their part; that Jane Murdock died in June, 1872, and that by her will she made Eliphalet Murdock her sole legatee; that there has been no administrator of her estate, and that the mortgage executed to her is unsatisfied.

The second paragraph is very much the same as the first; the chief difference is that the latter paragraph avers that John Murdock executed a mortgage to Jane Murdock on the part of the land set apart to him, and that Martha Mur-

dock, one of the plaintiffs, is the owner by purchase of the land set apart to John Murdock.

We think the complaint is sufficient as against an attack after verdict. It avers that the appellees performed all the terms and conditions of the mortgage on their part, and as the complaint was not challenged by demurrer the defects in it are cured by the finding of the court. If each paragraph had been assailed by separate demurrers, it may be that the attack should have prevailed, for the reason that in each paragraph is stated a cause of action only in some and not all of the plaintiffs, but as the attack is made for the first time by the assignment of errors in this court, and is directed against the entire complaint, it is unavailing. Taking the complaint as an entirety, there is a cause of action in all of the plaintiffs, and we must, as has often been decided, treat it as an entirety.

The special finding states the facts relating to the death of Eli Murdock, the partition of the land among the heirs, the execution of the mortgages by the heirs of Jane Murdock, and states also the facts concerning her will and her death, substantially as they are alleged in the complaint. It shows that the mortgages contained this stipulation : " To secure the payment of the sum of one thousand dollars, with six per cent. interest, which is to be paid annually, and to be collected by her only; and the mortgagors expressly agree to pay the sum above secured, without relief from valuation or appraisement laws." The special finding further states that " The only reason and consideration for the giving of said mortgage was that the widow might thereby secure to herself a support during her life. It was further agreed and understood that so far as she did not in her lifetime call for and receive the sums provided and secured by the said mortgages, the same were to be void at her death." The finding also states that the mortgages were all in Jane Murdock's possession at the time of her death, and after her death they were delivered to the mortgagors, respectively.

It was unquestionably proper to prove by parol the consideration of the mortgages. *Colt* v. *McConnell,* 116 Ind. 249. It was not, however, competent to contradict by parol the conveying part of those instruments. There is a clear and well defined distinction between proving the consideration of a mortgage and proving by parol an agreement destroying the effect of the covenants contained in it. *Bever* v. *North,* 107 Ind. 544. The statement in the special finding that there was an agreement that the mortgages should be void in case the mortgagee did not call for the money, adds no force to the finding, and, on the other hand, detracts nothing from it.

We think, however, that the finding is defective, in that it fails to show that there was a demand upon the appellant to satisfy the mortgages, and, also, in that it fails to show that either the principal or interest of the debts secured by them was ever paid, or that the agreement of the mortgagors was ever performed. As the appellees seek to have the mortgages cancelled and satisfied, they have the burden, and the silence of the finding on material points operates against them. *Brown* v. *Jones,* 113 Ind. 46.

We regard the case as one in which justice demands that a new trial be awarded, and where this is so, it is our duty to reverse the judgment and remand the case, with instructions to grant a new trial. *Buchanan* v. *Milligan,* 108 Ind. 433; *Bartholomew* v. *Pierson,* 112 Ind. 430; *Brown* v. *Jones, supra,* and cases cited, p. 50; *Sinker, Davis & Co.* v. *Green,* 113 Ind. 264. The rule, as the cases we have cited show, is now well established, that where the court is satisfied from the record that it would work injustice to direct judgment· upon the special finding of facts, it will remand the cause with instructions to grant a new trial.

Judgment reversed, with instructions to direct a new trial.

BERKSHIRE, J., did not participate in the consideration or decision of this case.

Filed April 6, 1889.