## A. M. LAPHAM *et al.*, Respondents, v. HERMAN DREISVOGT *et al.*, Appellants.

### St. Louis Court of Appeals, May 14, 1889.

**Contract:** SPECIFIC EXECUTION. The plaintiffs contracted to sell for the defendants certain lots comprising a town addition for the sum of five thousand dollars, their compensation for making the sale to consist of whatever they might realize in excess of that amount. After the sale and cash settlement made in conformity with these terms, there remained unsold a strip of ground not specifically described in the contract, nor defined on the plat by length, width or boundaries, and concerning which there was testimony to the effect that the plaintiffs had admitted it was not included in the contract, and also that proclamation was made at the sale of its reservation for the purpose of widening a street, on certain conditions. The plaintiffs demanded a conveyance to them of this unsold parcel, as in specific performance of the defendants' undertaking, whereby the plaintiffs were to have all that remained after the defendants had realized five thousand dollars from the property. *Held:* There is no preponderance of the evidence in favor of the plaintiffs' claim, upon any fair construction of the contract, and the petition should be dismissed.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Silsby & Buckley*, for the appellants.

The respondents would not be entitled to specific performance of the contract until they themselves had complied with such terms of contract as it was incumbent on them to perform. 3 Pars. Cont. [6 Ed.] pp. 406, 407, note k; 5 Wait, A. & D., pp. 802, 803, 804; Waterman on Spec. Perf., p. 591, sec. 434. This strip of land is not included in the property given to the respondents by the appellants to sell. This is unquestionably shown

by the evidence. This being a suit in equity the appellate court reviews the testimony. *Forrester v. Scoville*, 57 Mo. 422; *White v. Pendry*, 25 Mo. App. 542. The evidence in the case shows that all parties acted on the theory maintained by the appellants. Courts will not give to a contract a meaning different from that which the acts of the parties have given it, where the letter of the contract is not repugnant to such meaning. *Goldman v. Wolff*, 6 Mo. App. 490. From the whole of the evidence it is not certain that the minds of the parties met upon the contract sought to be enforced. Specific performance will also be denied. 5 Wait, A. & D., p. 775, sec. 2. If the appellants did not think the strip of land in controversy was included in the contract that they gave the respondents, such mistake being produced either by the statements of the respondents or existing in the minds of the appellants alone, this decree can not be supported. Waterman on Spec. Perf., secs, 362, 363, 366, and note, and sec. 367.

*Benj. U. Massey*, for the respondents.

The parcel of ground designated as lot "A" on the plat of said addition is just as much a part and parcel of said addition as any other of the fifty-nine lots contained in said addition. This strip, containing ten feet by eleven hundred and fifty feet, has no other legal designation than lot "A" of Dreisvogt & Schwer's southwest addition to North Springfield, Missouri. R. S. Mo., ch. 139,—of plats. The contract is not so vague or ambiguous in describing the land; it needs no oral explanation; it says, "The parties of the first part hereby constitute and appoint Lapham & Hargis, parties of the second part, our exclusive agents to sell all of Dreisvogt and Schwer's southwest addition to North Springfield, Missouri, except lots 1, 2, 3, 6, 7 and 8 in said addition." No other lots are reserved. The contract, itself so plain and unambiguous, is the best and only evidence of the meaning and intention of all

the parties thereto ; oral testimony to contradict, change or modify it is incompetent. The court committed no error in refusing to consider such testimony if it did so refuse. Pars. Cont. [7 Ed.] sec. 10, p. 547. The respondents, having fully performed all of said contract on their part, are entitled to a decree compelling a full performance on the part of the appellants. 5 Wait's Act. & Def., p. 765, sec. 3, p. 779, sec. 6; Waterman, Spec. Perf., p. 591, sec. 434.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action for specific performance. The petition states that the plaintiffs entered into a contract with the defendants, whereby the latter gave them the exclusive right as agents to sell their southwestern addition to North Springfield, Missouri, except lots 1, 2, 3, 6, 7, and 8, and agreed to execute proper conveyance to the purchasers procured by the plaintiffs ; that the plaintiffs were to have all above five thousand dollars realized from such sales for their commissions and expenses.

The petition then states (and there is no controversy touching the fact), that the plaintiffs did sell all the property *admittedly* covered by the contract, and paid over to the defendants five thousand dollars, as part proceeds thereof, retaining the residue ; that lot A of said addition remains unsold, and under the terms of the contract belongs to the plaintiffs, but that the defendants, although requested so to do, have refused, and do refuse, to execute a conveyance therefor to the plaintiffs.

The petition prays for a decree compelling the defendants to convey said lot to the plaintiffs, or in default of their so doing divesting their title and vesting the same in the plaintiffs. The court upon a hearing made a decree as prayed for.

The plaintiffs' petition states that said addition referred to in the petition contains as per plat fifty-nine

lots, being marked by numerals from one to fifty-five inclusive and by letters from A to D inclusive. The plat was offered in evidence, and an exact copy thereof, with certificate of dedication, is as follows:

ALLEY.

DIVISION

A

SECTION LINE.

S. E. COR. OF

S. W. ¼ SEC. 11

STREET.

LOCUST

FRANKLIN STREET.

STREET.

BROAD STREET.

N

S

"The plat of Dreisvogt and Schwer's southwest addition to North Springfield, Greene county, Missouri, comprises a part of the south half of the southwest quarter of section eleven, of township twenty-nine, range twenty-two, being in the county of Greene and state of Missouri. The width of street and alleys and the width and length of lots are marked in feet on the said plat herewith filed, Said land has been subdivided, as laid down on said plat, and the streets and alleys as laid down on said plat are relinquished to the public.

"The southeast corner of lot one of this plat is thirty-three feet west and sixty feet north of the southeast corner of the southwest quarter of section 11, township 29, range 22.

"HERMAN DREISVOGT.
"THEODORE SCHWER."

The answer of the defendants admits the execution of the contract sued on, but states that at the time of its execution the defendants asked the plaintiffs whether said lot was included in said contract, and the plaintiffs told them that it was not, and was not so intended or understood. The defendants' answer further states that with reference to lot A sued for by the plaintiffs, there was a separate contract, whereby the defendants were to assist the plaintiffs to sell it at private sale without any additional consideration to the one furnished by the main contract.

The only question arising on this appeal is, whether the court erred in holding under the evidence offered, that the strip of land marked A, on the annexed plat, was a part of said southwestern addition, and as such included in the contract between the parties.

It will be seen that the strip marked A, on the plat, is a strip running along the entire length of the southern part of the addition, immediately south of Division street, and is at least eleven hundred and fifty feet in length, and probably ten feet wide. Its designation on the plat does not conform to the requirements

of a *lot* under chapter 139 relating to town plats, because its precise length is not marked by any figure, nor are its boundaries east and west *defined*, and its boundary on the south, if defined at all, is marked only by a dotted line. Nor does this strip answer the description of a lot in the certificate annexed to the plat, according to which lots were to be sold, as that certificate expressly mentions that the width and *length* of lots are *marked* in feet on the said plat herewith filed.

It will be further seen that the plat, as filed, contains a block of ground in its northeast corner, which, as is admitted even by the plaintiffs, was not included in the contract.

On the other hand, it may be said that there are lots B, C, and D, on the plat which follow in alphabetical order lot A, thus admitting of the inference that lot A was part of the addition, and as such within the contract made by the parties. It is clear, however, that taking the view most favorable to the plaintiffs, there still remains sufficient latent ambiguity in the writing and plat to justify the admission of oral evidence for its solution. *Schreiber v. Osten*, 50 Mo. 513; *Edwards v. Smith*, 63 Mo. 119; *Amonett v. Montague*, 63 Mo. 201.

The defendant Schwer testified that the strip marked A was reserved for the purpose of making Division street, which is only fifty feet wide, sixty feet wide, provided the adjoining owner on the south would consent to bear one-half of the expense of its opening, and that this was well understood by the plaintiffs when the plat was made and the contract entered into; that he was present at the auction sale of the lots, and heard one of the plaintiffs make declarations to the bidders, that Division street would be so widened, and that that strip was not offered for sale or otherwise mentioned at the time.

One Spranknoble, a disinterested witness, testified, that prior to the platting of the land one of the plaintiffs told the defendants in his hearing, that they should

make Division street only fifty feet wide and reserve a strip on the south side thereof, ten feet wide, and that said ten-foot strip should not go into the street until the owner on the south side thereof should consent to bear half the expense in opening it.

The defendant Dreisvogt testified, that when the contract sued on was brought to them for signature, they, the defendants, asked Hargis, one of the plaintiffs, whether their homestead in the northeast corner, and strip A were in this contract, and that he said they were not, and that they signed the contract on such express representation. He further stated that after the contract was signed Hargis came to him with a suggestion to sell this strip to Headley, the adjoining owner on the south. He also testified to the proclamation made by the plaintiffs at the sale, that this strip was reserved so that Division street might be widened to sixty feet.

John Wrightman testified, on behalf of the defendants, that he was present at the sale and heard one of the plaintiffs make the announcement that this ten-foot strip was reserved; that he would sell lots on Division street, it being fifty feet now, but might be a sixty-foot street after while.

The only evidence given by the plaintiffs on this subject was that of Lapham, one of the plaintiffs, who testified: "I was present when the contract was signed, and if there was any conversation in regard to lot A, *I don't remember it.* I don't think there was any conversation at all about lot — at the time the contract was signed."

This is an equity case, and it is our duty to review the evidence and make such decree as it warrants. It is an action for specific performance, and it is incumbent on the plaintiffs to make out their case even with greater certainty than they would be required to do in

an action at law for damages. *Mastin v. Halley*, 61 Mo. 196. We have no hesitation to say that they have failed to do so.

Taking into consideration the uncertainty of the plat, the positive and unequivocal testimony of the defendants' witnesses as to the plaintiffs' conduct and declarations, inconsistent with their present claim, and the entire failure on the plaintiffs' part to rebut such evidence, the conclusion is unavoidable that the decree is not supported by a preponderance of evidence and must be reversed.

All the judges concurring, the decree is reversed and the cause is remanded to the trial court with directions to dismiss the plaintiffs' petition.