Mcafee v. Reynolds.

Filed Nov. 23, 1891.

No. 15,042.

MCAFEE V. REYNOLDS.

EQUITY.—*Injunction.*—*Inadequate Remedy.*—If there is an inadequate remedy at law, equity will assume jurisdiction.

ACTION.—The lapse of time between the bringing of a suit and the rendition of a decision therein can not defeat the plaintiff, if he has not been guilty of laches in the prosecution of the cause of action.

JUDGMENT.—*Lien.*—*Right to Maintain Action to Assert Superiority of.*— The owner of a judgment which is a lien upon real estate may bring an action to have his lien declared prior to and free from a claim asserted to be superior to it.

SAME.—*Lien.*—*How Given.*—*Extending.*—The lien of a judgment is given by statute, and can not be prolonged by the court beyond the time fixed by the statute.

SAME.—*Action to Enforce Lien of.*—*Expiration of Lien Pending Suit, Effect.* —*Costs.*—A judgment lien can not be enforced against an inferior lien after the former has expired, although the action for that purpose was brought on such judgment before it expired, such lien having expired during the pendency of the suit.  In such an instance the plaintiff is entitled to recover costs up to the time of the decision of the court.

PRACTICE.—*Supreme Court.*—*Reversal.*—*When will Direct Lower Court to Enter Judgment.*—Where the facts are not in dispute, all the material matters appearing upon the face of the record, and such record enables the appellate court to ascertain and declare the justice of the cause, that court will direct the lower court what judgment to enter, and not remand the cause for a new trial.

From the White Circuit Court.

*R. P. Davidson*, for appellant.

*J. H. Adams* and *J. B. Sherwood*, for appellee.

ELLIOTT, J.—On the 19th day of June, 1877, Robert J. Brown was the owner of the real estate involved in this controversy, and on that day Earhart and others obtained judgment against him. This judgment became a lien upon the real estate, and has never been paid or satisfied. Brown died on the 6th day of November, 1877. By proper assignments the appellee became the owner of the judgment. James M. Brown was appointed the administrator of the estate of Robert J. Brown, deceased, on the 3d day of December, 1877, and on the 30th day of July, 1878, petitioned for an order to sell the land to pay the debts of his intestate. Joseph Kious became the successor of James M. Brown, and filed a supplemental petition for an order for the sale of the property, and an order was made as prayed. Neither the appellee nor any other lien-holder was a party to the proceedings, except in so far as the notice given by publication made under the law then in force may have constituted them parties. The real estate was sold pursuant to the order to the appellant on the 1st day of October, 1877, the purchase-money was paid by him, and a deed was executed and approved. Under this deed the grantee entered into possession. The estate of Robert J. Brown was insolvent. The only mention of liens in the proceedings on the petition was made in the decree approving and confirming the deed executed by the administrator, and the mention there made is not of the judgment of the appellee, but of a judgment owned by John P. Carr.

The present action was begun on the 24th day of February, 1888.

The conclusions of law stated by the court read thus :

" 1st. The rights of the plaintiff must be determined as they existed at the commencement of this suit. The fact that ten years, exclusive of the time the plaintiff was restrained from prosecuting her remedy upon the judgment by the death of the judgment defendant, has expired since the commencement of this suit is no bar to his right to recover.

" 2d. The sale of the land by the administrator was made to the defendant subject to the lien of the plaintiff's judgment. So much of the decree confirming the deed to the defendant as adjudged that he take the land free of liens and encumbrances is void as to the plaintiff. There is nothing in the petition to sell, the appraisement, the order of sale, or the report of sale that authorizes any such decree.

" 3d. The plaintiff is entitled to the relief prayed for in his complaint, with costs."

It is obvious that the right of the plaintiff created by her judgment was not divested by the decree directing the sale of the lands, nor is it contended by appellant's counsel that the lien was extinguished. It is also evident that the time the hands of the judgment creditor were tied by the statutory provision restraining proceedings to enforce a judgment for the period of one year after the death of the debtor can not be justly considered in computing the time during which the lien continues in force. *Jones* v. *Detchon*, 91 Ind. 154. This we understand is conceded by appellant's counsel.

The contention of appellant's counsel is, in effect, that the lien of the judgment having expired on the 4th day of July, 1888, after that time no decree could be rendered declaratory of its existence and providing for its enforcement. The appellee's counsel assert that " The question is not whether the lien of a judgment upon real estate may be prolonged beyond the statutory period fixed for such liens, but whether the rights and liens existing and held by the plaintiff at the time of bringing suit shall be adjudged and enforced as of the date of the commencement of the action." This statement of the respective positions of counsel exhibits the principal question in the case.

The land had passed into the hands of a third person, the purchaser at the administrator's sale, and hence the judgment creditor had a right to bring a suit to have his lien declared and freed from the claim asserted by the purchaser

under the administrator's deed. *Decker* v. *Gilbert,* 80 Ind. 107 ; *Faulkner* v. *Larrabee,* 76 Ind. 154.

The claim of the appellant was an obstruction to the enforcement of the judgment lien, and the creditor had a right to ask that the obstruction be removed so as to enable her to realize the benefit of her judgment. *Quarl* v. *Abbett,* 102 Ind. 233. Under the old procedure *scire facias* was the appropriate procedure where the rights of a third person intervened. 1 Freeman Executions, 81. But, where such a proceeding would not give adequate relief, the assistance of equity was properly invoked. In such a case as this, it is evident that a mere motion for leave to issue an execution would not secure adequate relief, since a sale upon execution would still leave the claim of the appellant undetermined, so that if it were conceded that the remedy by motion exists where the rights of a third person, based upon a claim of title created by a decree in judicial proceedings, have intervened, and where the judgment has died, still that remedy would not be adequate, inasmuch as the order would not fully remove the obstruction created by the sale under the decree. The rule is that where there is some remedy at law, but not an adequate one,—that is, one that will adjudicate the entire controversy and grant full relief,—equity will assume jurisdiction. *Watson* v. *Sutherland,* 5 Wall. 74 ; *Denny* v. *Denny,* 113 Ind. 22 ; *Bishop* v. *Moorman,* 98 Ind. 1, and authorities cited. Whatever view is taken of the case, the result is that the conclusion must be that the suit is an appropriate one, and there was no mistake in electing the remedy.

What we have said establishes the initial proposition involved, inasmuch as it proves that the plaintiff stated a cause of action when she began her suit. If she is to be entirely defeated, it must be for the reason that the efflux of time has destroyed her right.

Ordinarily, a plaintiff will succeed if at the time he sues a complete cause of action exists in him. This is a general rule to which there are few exceptions. The cases wherein

the plaintiff by his own act divests himself of a right of action constitute the most numerous class of exceptions, but there is here no element which makes that class of cases even remotely analogous, since no act was done by the plaintiff after suit which released or impaired her rights. If the right of action which existed in the plaintiff when she began her action has been destroyed, it must.be because the law so operates as to take it from her. There is no express enactment divesting the cause of action, and no event has occurred changing the position of the parties. The only thing that can be said to have affected the case in any way is the lapse of time. If this can be assigned a retrospective effect, then there is plausibility in the contention that the right of action was wholly swept away ; if not, then the contention is foundationless.

If the lapse of time, without any fault of a plaintiff, or any act of his, can destroy a cause of action, then it is in the power of a defendant, by prolonging litigation, to destroy a meritorious cause of action, and this is a result not to be reached without strong and cogent reasons. If a cause of action exists when a suit is begun, the plaintiff has a substantive right, and where there is a right there is a remedy. Where there is a right and a corresponding remedy, and steps have been taken to vindicate the right, a plaintiff has done all that the law requires of him, and he can not be turned out of court, because delay, attributable to no fault of his, renders the right asserted by him ineffective. It seems clear to us on principle that the appellee did not lose her cause of action because of the lapse of time, and that the time which intervened between the bringing of the suit and the decision can not so operate as to defeat her suit. What its effect is upon the measure of relief is quite another question, and one that will be considered further on. It may, however, be here said appropriately that the right to sue is one thing and the quantity, or degree of relief, quite another thing.

The difficult question here is not as to the existence of a

cause of action at the time the complaint was filed, but the difficult question is as to the measure of relief the plaintiff was entitled to at the time the decree was entered. The difficulty is created by the fact, for fact it is, that at the time the decree was pronounced the judgment of the plaintiff had ceased to have any force as a lien.

The proposition of appellant that the lien of a judgment as fixed by the statute can not be prolonged by the courts is indisputably correct. *Wells* v. *Bower*, 126 Ind. 115: *Shanklin* v. *Sims*, 110 Ind. 143; *Brown* v. *Wuskoff*, 118 Ind. 569; *Applegate* v. *Edwards*, 45 Ind. 329; *Albee* v. *Curtis*, 77 Iowa, 644; *Hutcheson* v. *Grubbs*, 80 Va. 251; *Boyle* v. *Maroney*, 73 Iowa, 70; *Spencer* v. *Haug*, 45 Minn. 231; *Newell* v. *Dart*, 28 Minn. 248.

A judgment lien is the creature of statute, owing its life and force entirely to legislation. It has, indeed, been said that a judgment is a charge on land, but not, in strictness, a lien. *Shirk* v. *Thomas*, 121 Ind. 147; *Johnson* v. *Hess*, 126 Ind. 298 (311); *Brunsdon* v. *Allard*, 2 E. & E. 17; *Ex parte Foster*, 2 Story, 131.

A party who secures a judgment obtains such a charge upon land as the statute gives and nothing more, for it is clear that he can acquire only what the statute creating the right vests in him. Our statute declares that the lien shall continue for ten years, and " no longer," thus definitely and positively limiting the duration of the lien. As no court is above the law, and as all courts must enforce the law as it is written, it necessarily results that a lien, created and limited by statute, can not be extended beyond the period fixed by the law-makers.

A party may forfeit a right to have a lien declared and established, and yet have no right to a decree extending its life beyond the statutory period. It is this right which the appellee possessed when she began her suit, and not a right to have a new lien created, nor an existing one prolonged beyond the limit fixed by law. Courts can not create a

judgment lien on land, nor can they fix its duration, since that is the prerogative of the Legislature. No authority for making a judgment a lien on land, or for designating its incidents, can be found in the common law, since at common law a judgment was not a general lien upon that species of property. There was, it is true, a right to make a judgment available to a limited extent, but, as said by Marshall, C. J., in the case of *United States* v. *Morrison*, 4 Peters, 124: " The lien is the consequence of a right to take out an *elegit*."

We are satisfied that the trial court did not err in adjudging that the appellee had a right of action at the time his suit was commenced, but we can not escape the conclusion that it erred in holding that she was entitled to a decree ordering the land sold, and placing the lien above the title of the appellant. This was erroneous, for the reason that it assumed to give vitality to a lien which, by positive and inexorable law, was lifeless. The conclusions of law, and the decretal orders based on them, show that the trial court affirmed that the appellee had a right to have the land sold to discharge the statutory lien, and that the only right of the appellant was to the surplus remaining after the satisfaction of the judgment. The theory of the court that the lien could be prolonged directly or indirectly was erroneous, for when the lien perished by operation of law it could not be revivified, nor could a new lien be created. The utmost that the appellee was entitled to was, as we have shown, a decree declaring that when her suit was brought she had a lien paramount to the title of the appellant. When the court went beyond this it erred, inasmuch as in so doing it prolonged the lien beyond the time of its legal life.

The record fully enables us to ascertain and declare the justice of the case, and hence it is our right and our duty to render such a judgment as will secure to each party his just rights. This is a general power resident in all high appellate tribunals, and it has been often exercised in cases, such as this, where the facts are not in dispute, and all the ma-

terial matters appear upon the face of the record.   *Parker* v. *Hubble*, 75 Ind. 580; *Buchanan* v. *Milligan*, 108 Ind. 433; *Western Union Tel. Co.* v. *Brown*, 108 Ind. 538 (544); *Bartholomew* v. *Pierson*, 112 Ind. 430; *Brown* v. *Jones*, 113 Ind. 46, and cases cited p. 50; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264; *Murdock* v. *Cox*, 118 Ind. 266; *Security Co.* v. *Arbuckle*, 119 Ind. 69; *Louisville, etc., R. R. Co.* v. *Etzler*, 119 Ind. 39 (44); *Roberts* v. *Lindley*, 121 Ind. 56, and cases cited p. 59; *Lapham* v. *Dreisvogt*, 36 Mo. App. 275; *Duck* v. *Peeler*, 74 Texas, 268; *Clark* v. *Sonnenschein*, L. R. 25 Q. B. Div. 226; *Luthe* v. *Luthe*, 12 Colo. 421; *Athens, etc., Works* v. *Bain*, 77 Ga. 72; *McKenzie* v. *Peck*, 74 Wis. 208.

The power, as the authorities declare, is one that should be freely exercised where its exercise will put an end to litigation, and yield justice.   To accomplish this it is always proper to so mold the form of the mandate as that the trial court may carry into effect, by the appropriate record entries, the judgment of the appellate tribunal.

The mandate of this court is that the judgment of the trial court be in part affirmed and in part reversed; that the costs of the case in the court below up to the entry of the special finding be taxed against the appellant; that subsequent costs in that court be taxed in equal proportion against the respective parties; that the costs in this court be divided and taxed in like manner; and that the case be remanded, with instructions to enter a decree in accordance with this opinion, by eliminating so much of the decree as adjudges a sale of the land, prolongs the lien, and limits the right of the appellant to the surplus, and by entering the proper judgment for costs against the respective parties as herein indicated.

Filed Sept. 23, 1891; petition for a rehearing overruled Dec. 8, 1891.