The Emerson Fisher Company *et al. v.* Marshall *et al.*

No. 526.

## THE EMERSON AND FISHER COMPANY ET AL. *v.* MARSHALL ET AL.

SPECIAL FINDING.—*Attachment Proceedings.—Exemption.—Failure to State Value of Property Claimed as Exempt.*—Where, in an attachment proceeding, the defendant claimed certain personal property, and the balance due on a note as exempt from execution, and the court, in its special finding of facts, found that he was entitled to the exemption, as claimed, but left the question of the value of the property to conjecture, so that it could not be said, as a result of computation, that, by adding its value to the balance due on the note, the aggregate would be six hundred dollars or less, the finding is so defective that the judgment should be reversed.

Fom the Hamilton Circuit Court.

*A. F. Shirts* and *M. Vestal*, for appellants.

*W. Booth*, for appellees.

NEW, J.—This action was commenced in the Huntington Circuit Court and by agreement changed to the Hamilton Circuit Court.

The Emerson & Fisher Company, a corporation, instituted the suit below. Its complaint, accompanied by proceedings in attachment, was against the appellee, George M. Marshall, upon promissory notes and other indebtedness. The other appellees were garnishees. The Goshen Buggy Company and Hare & Hare were creditors who filed under.

Upon issues joined the cause was submitted to the court for trial, and at the request of the appellants a special finding made, with statement of conclusions at law.

The only error assigned by the appellants is that the court erred in its conclusions of law upon the facts found.

Upon the facts specially found and conclusions of law stated the appellants were given judgment against the appellee George M. Marshall, as follows: The Emerson & Fisher Company, $549.23; the Goshen Buggy Company, $40; Hare & Hare, $169.

The court further adjudged, upon the facts found, that the appellants had sustained their proceedings in attachment, but that George M. Marshall, the attachment debtor, was entitled to hold exempt from attachment certain personal property which had been attached as his property and appraised when attached at $88.25, and also $321, the balance due on a note executed to him by Sarah J. Marshall, one of the garnishees.

For the purpose of obtaining this exemption a paragraph of answer was filed by said debtor, alleging that he was a resident householder of Hamilton county, Indiana, that said attached property and balance due on said note were together worth less than $600 and constituted the only property rights, credits and choses in action belonging to him or in which he had any interest at the time of the commencement of the action or since, and claiming the same as exempt.

There is no assignment of error relating to the sufficiency of this paragraph of the answer as a defence to the attachment. We are not, therefore, required to decide what, in an attachment proceeding, must be the form or substance of an answer filed for the purpose of securing to a resident householder in such a case the benefit of the exemption statute.

Upon the assignment of error made by the appellants the only question presented for our decision is whether the court below erred in the statement of its conclusions of law upon the facts found.

The record in this case exhibits absence of care and attention.

From the character of the personal property claimed and allowed as exempt from attachment it would seem that said property, added to the $321, due on the note mentioned, would be less than $600, still the special finding ought to contain such facts as to values as would make

the aggregate value a matter of computation and not of conjecture.

The special finding is defective and unsatisfactory. We have reached the conclusion, from a careful inspection of the entire record, that the case is one where justice will be best promoted by directing a new trial. We are not without precedent for so ordering. *Robinson* v. *Snyder*, 74 Ind. 110; *Buchanan* v. *Milligan*, 108 Ind. 433; *Sinker, Davis & Co.* v. *Green*, 113 Ind. 264; *Murdock* v. *Cox*, 118 Ind. 266.

The judgment is reversed at the costs of the appellees, with instructions to the court below to grant a new trial.

Filed March 29, 1892.